FILED

2017 Feb-21  AM 10:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA

RAY CHARLES SCHULTZ,           *
DAVON TRESHAWN BEEBE,           *
TYRONE DAISHAWN BEEBE and       *
JAMES HUGO STERLING,            *
Individually and on behalf of all other   *
similarly situated defendants   *      CASE No
    PLAINTIFF(s),               *
                                 *
v.                               *
                                 *      PROPOSED CLASS ACTION
STATE OF ALABAMA,              *
    DEFENDANT               *

## COMPLAINT

**COMES NOW,** the Plaintiff(s), Ray Schultz, James Hugo Sterling, Davon Beebe and Tyrone Beebe, individually and on behalf of all other similarly situated defendants, by class action alleged herein, by and through their attorney Melvin Hasting, and avers the following:

## INTRODUCTION

1) This case is about the State of Alabama and specifically, the 32nd Judicial Circuit imposing excessive bail in the form of cash bail in a significant amount of money so as to keep indigents incarcerated in pre-trial detention awaiting a hearing and disposition of their charges as well as post-conviction proceedings to enforce payments of court costs and fines.

2) The plaintiff(s) are indigents and incarcerated in the Cullman County Detention Center under the supervision of the Sheriff of Cullman County, Matt Gentry.

3) Defendant, Matt Gentry is the duly elected Sheriff of Cullman County, Alabama.

4) Defendant State of Alabama has a bail schedule and bail statute which is routinely applied to indigent defendants in an unconstitutional manner.

5)     Cullman County District Court is a court of jurisprudence in the 32nd Judicial Circuit of the State of Alabama.

6)     This is an action for declaratory relief and a preliminary/permanent injunction to settle important constitutional questions of the Alabama bail schedule and bail statute and its application by the Sheriff of Cullman County, the State of Alabama and the 32nd Judicial Circuit in pretrial detention of indigent defendants charged with crime(s) within the State of Alabama, and about the imposition of cash bail as a means to enforce payment of court costs, fines and restitution against indigent defendants in post-conviction proceedings.

7)     Section 13 of Title 15 sets out the kinds of bail for persons arrested and taken into custody. (15-13-111 Alabama Code). One such permissible bail under Alabama law is cash bail.

8)     Rule 7 of the Alabama Rules of Criminal Procedure govern the setting of bail in criminal cases.

9)     Article 1 subsection 16 of the Alabama Constitution states:

> *All persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great, and…. **excessive bail shall not in any case be required**.*

10)     The 8th Amendment to the Constitution of the United States provides that
> ***Excessive bail shall not be required……***

11)     Alabama Code 12-17-251(c)(2) limits the powers of a magistrate to:
> ***Granting of bail in minor misdemeanor prosecutions;***

## **PARTIES**

12)     Petitioner Ray Schultz is being detained in the Cullman County Detention Center under a $2500 cash bond for the misdemeanor charge of Unlawful Distribution of material harmful to minors. (see attached complaint and warrant of arrest)

13)     Petitioners Davon Beebe and Tyrone Beebe are each being unlawfully detained in the Cullman County Detention Center under a felony charge of Burglary 3rd Degree. (see attached complaint and warrant of arrest) and each

have bail currently set at $15,000 Cash. (see attached Order on initial appearance). Their bail was set by a magistrate in the court clerk's office.

14) Petitioner James Hugo Sterling is charged with the felony offense of possession of a forged instrument and has bail currently set at $10,000 cash. (see attached complaint and warrant of arrest). His bail was set by a magistrate in the court clerk's office.

15) Defendant State of Alabama is represented by the Attorney General of Alabama, currently the Honorable Steve Marshall.

16) The petitioners and all examples of defendants listed below are examples of defendants in criminal proceedings before the 32nd Judicial Circuit of Alabama located in Cullman County, Alabama.

17) The petitioner(s) have each executed an affidavit of financial hardship and all been determined to be indigent by the court and the undersigned attorney has been appointed to represent the plaintiff Ray Schultz and Davon Beebe and the Honorable Robert A. Sapp has been appointed to represent the plaintiff Tyrone Beebe in their respective District Court cases. Plaintiff James Hugo Sterling is being represented by the undersigned attorney, pro-bono.

## JURISDICTION AND VENUE

18) This is a civil rights action arising under 42 U.S.C. §1983, 28 U.S.C. §2201, et seq., the Eighth Amendment and the Fourteenth Amendment to the Constitution of the United States.

19) The appellate courts in the State of Alabama have held that cash bail is a permissible form of bail for pretrial detention (**Ex parte Singleton**, 902 So.2d 132 (ALCCrA 2004) and (**Ex parte Brown**, 792 So.2d 441 (ALCCrA 2001)) and that the Constitution of Alabama does not prohibit cash bail, post-conviction (see **Williams v. City of Montgomery,** 739 So.2d 515 (ALCCvA 1999). This is a federal question action seeking a declaration of the rights of indigent defendants to cash only bail being imposed against them both in pretrial detention and after conviction and in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States.

20)     Venue is proper in the Northern District of Alabama as the petitioners are all located in Cullman County, Alabama which is located with the jurisdictional boundaries of the Southern Division of the Northern District of Alabama.

## STATEMENT OF FACTS

21)     The petitioners allege that they cannot post cash bail. This is evident by the fact that they have been incarcerated in the Cullman County since their arrest on February 2, 2017 for Davon and Tyrone Beebe; since February 15, 2017 for Sterling and since December 6, 2016 for Ray Schultz.

22)     The petitioner Ray Schultz filed a petition for writ of habeas corpus in the Circuit Court of Cullman County, Alabama and a hearing was conducted on February 13, 2017 wherein the magistrates and Circuit Clerk were called as witnesses to testify. The testimony in this hearing was that the purpose of the cash bail was for the defendant to not be released from jail upon his arrest, but to keep him in jail. The Circuit Court of Cullman County denied the petition for writ of habeas corpus. (see attached exhibit).

23)     All of the Defendants with the exception of Ray Charles Schultz had cash bonds set by magistrates in the court clerk's office for felony offenses.

24)     The 32nd Judicial Circuit of Alabama routinely sets cash bail for defendants charged with non-capital crimes, many of whom are indigent and have no means of posting bail. The magistrates in the court clerk's office set these cash bonds to include bonds for felony charges.

25)     The 32nd Judicial Circuit of Alabama routinely sets cash bail for defendants whom fail to appear for court appearances, many of whom are indigent and are unable to post bail.

26)     The 32nd Judicial Circuit of Alabama routinely sets cash bail for defendants who are arrested on failure to pay court costs and fines after conviction and many of those defendants are indigent.

27)     The 32nd Judicial Circuit of Alabama routinely sets cash bail for defendants on alias warrants of arrest on cases to which they have lost jurisdiction.

28)      For example, Melissa Tello is a defendant in a criminal case (25DC 2014-2672) wherein she entered a plea of guilty to permitting dogs to run at large

and she received a three (3) day suspended sentence on January 13, 2015 and was given 12 months of probation. Ms. Tello had no attorney. On August 5, 2016, (7 months after expiration of probation) the State of Alabama filed a motion for writ of arrest for failure to pay the balance of $667.90 fine plus court costs owed. A hearing was set on October 11, 2016 in which she failed to appear and a $600 cash bond was imposed on the defendant for an alias warrant. She was arrested on the warrant on January 14, 2017, and released on January 18, 2017 upon her payment of $150 to the clerk of the court. (note: she served 4 days on a 3 day sentence.)  (see exhibit 6)

29)   On October 11, 2016, the 32nd Judicial Circuit District Judge Kim Chaney had a show cause docket. Listed below are examples of cases and warrants issued on that date in addition to Ms. Tello's case listed above:

30)   James Price is a defendant in a criminal case (25DC 2002-1238) wherein he entered a plea of guilty to the misdemeanor charge of harassment and he received a thirty (30) day suspended sentence on November 25, 2002 and was given 12 months of probation. Mr. Price had no attorney.  On September 18, 2007, a warrant was issued for his arrest by the Clerk of the Court and the bond was set at NO BOND. Price was arrested on April 7, 2014 and on May 8, 2014, Price was released from county probation by Order of Judge Chaney (even though his probation expired in 2003). In July 2016, (13 YEARS after expiration of probation) the State of Alabama filed a motion for writ of arrest for failure to pay the balance of $221.20 of the fine plus court costs owed. A hearing was set on October 11, 2016 in which he failed to appear and a $250 cash bond was imposed on the defendant for an alias warrant. It is the belief of the petitioners that he has not been arrested on this warrant.(see exhibit 7)

31)   Kimberly Drinkard is a defendant in a criminal case (25DC 2005-365) wherein she her case was dismissed on September 4, 2007 with conditions of payment of court costs and fines. Drinkard had an appointed attorney in this case. In August 2016, (9 YEARS after her case was dismissed) the State of Alabama filed a motion for writ of arrest for failure to pay the balance of the

fine plus court costs owed. According to the court records, Drinkard owed the sum of $1659.50 of which she has paid $1600, leaving a balance of $59.20 owed. A hearing was set on October 11, 2016 in which he failed to appear and a $250 cash bond was imposed on the defendant for an alias warrant. It is the belief of the petitioners that she has not been arrested on this warrant. This was not the first time that Drinkard was arrested on an alias warrant for this case. She was arrested in January 2015 on a cash bond which was posted on her behalf.  (see exhibit 8).

32)    Joseph Barnett is a defendant in a criminal case (25DC 2009-156) wherein he entered a plea of guilty to unlawful possession of a controlled substance and he received a three (3) year sentence to prison on January 25, 2011. Barnette had an appointed attorney. He was paroled on November 21, 2011. In July 6, 2016, (5 ½ YEARS after being sentenced to 3 yrs) the State of Alabama filed a motion for writ of arrest for failure to pay the balance of $6040 of the fine plus court costs owed. A hearing was set on October 11, 2016 in which he failed to appear and a $6000 cash bond was imposed on the defendant for an alias warrant. It is the belief of the petitioners that he has not been arrested on this warrant.(see exhibit 9)

33)    Sandy Eddy is a defendant in a criminal case (25DC 2009-367) wherein the case was to be dismissed on November 29, 2011 with conditions of payment of court costs and fines. Eddy had an appointed attorney in this case. On August 16, 2011 Judge Kim Chaney entered an Order that Eddy had completed all requirements of the Drug Court program except payment of 1040 in drug court fees. In August 2016, (5 YEARS after his case was to be dismissed) the State of Alabama filed a motion for writ of arrest for failure to pay the balance of the fine plus court costs owed. According to the court records, Eddy owed the sum of $ 2767 of which he has paid $445, leaving a balance of $2321.92 owed. A hearing was set on October 11, 2016 in which he failed to appear and a $2200 cash bond was imposed on the defendant for an alias warrant. It is the belief of the petitioners that he has not been arrested on this warrant.  (see exhibit 10).

34) Cody Strickland is a defendant in a criminal case (25DC 2009-307) wherein he entered a plea of guilty to unlawful possession of a controlled substance. He pled into Drug Court on April 6, 2010. He received a three (3) year sentence to prison on August 6, 2013 for failure to complete Drug Court. Strickland was credited with 132 days of jail credit at the time of his sentencing. Strickland had an appointed attorney. He was released from prison on August 19, 2014. In May 25, 2016, (3 YEARS after being sentenced to 3 yrs) the State of Alabama filed a motion for writ of arrest for failure to pay the balance of $6152.50 of the fine plus court costs owed. A hearing was set on October 11, 2016 in which he failed to appear and a $6000 cash bond, set by the magistrate, was imposed on the defendant for an alias warrant. It is the belief of the petitioners that he has been arrested on this warrant On October 19, 2016 and the $6,000 cash bond still remains.(see exhibit 11)

35) Brian Gamble is a defendant in a criminal case (25DC 2010-267) wherein he entered a plea of guilty to unlawful possession of a controlled substance. He pled to this charge on September 7, 2010 and received a three (3) year sentence to prison. Gamble had an appointed attorney during the whole process. He was released from prison on October 23, 2011 by the expiration of his sentence. In June 28, 2016, (6 YEARS after being sentenced to 3 yrs) the State of Alabama filed a motion for writ of arrest for failure to pay the balance of $5665.70 of the fine plus court costs owed. A hearing was set on October 11, 2016 in which he failed to appear and a $5000 cash bond, was imposed on the defendant for an alias warrant. It is the belief of the petitioners that he has not been arrested on this warrant. (see exhibit 12)

36) Brenda Collins is a defendant in a criminal case (25DC 2009-1578) wherein she entered a plea of guilty to the misdemeanor charge of negotiating a worthless instrument and he received a twelve (12) month suspended sentence on April 20, 2009 and was given 24 months of probation. Collins had no attorney.  On April 16, 2014, Collins was released from county probation by Order of Judge Chaney (even though his probation expired in

2011). In July 27, 2016, (5 YEARS after expiration of probation) the State of Alabama filed a motion for writ of arrest for failure to pay the balance of $160.16 of the fine plus court costs owed. A hearing was set on October 11, 2016 in which she failed to appear and a $250 cash bond was imposed on the defendant for an alias warrant. It is the belief of the petitioners that he has not been arrested on this warrant.(see exhibit 13)

37)   Frank Grotschel, Jr. is a defendant in a criminal case (25DC 2010-1798) wherein he entered a plea of guilty to negotiating a worthless instrument on June 21 2010. He received a twelve (12) month suspended sentence on that date. Grotschel had no attorney. He was ordered probation for twenty four (24) months. In July 13, 2016, (4 YEARS after the expiration of probation) the State of Alabama filed a motion for writ of arrest for failure to pay the balance of $1088.43 of the fine plus court costs owed. A hearing was set on October 11, 2016 in which he failed to appear and a $1000 cash bond, set by the magistrate, was imposed on the defendant for an alias warrant. It is the belief of the petitioners that he has not been arrested on this warrant (see exhibit 14)

38)   Cerena Wynn is a defendant in a criminal case (25DC 2010-330) wherein she entered a plea of guilty to unlawful possession of a controlled substance. She pled into Drug Court in 2010. She received a four (4) year sentence to prison on April 26, 2011 for failure to complete Drug Court. Wynn was credited with 188 days of jail credit at the time of her sentencing. Wynn had an appointed attorney. She was released from prison on parole in 2012. In July 26, 2016, (5 YEARS after being sentenced to 4 yrs) the State of Alabama filed a motion for writ of arrest for failure to pay the balance of $3051.80 of the fine plus court costs owed. Prior to this motion being filed, the State of Alabama had already filed two previous motions for writ of arrest in 2015 and on February 10, 2015, an alias warrant with a $3,000 cash bond was entered and again on June 8, 2015 another alias warrant with a $3,000 cash bond was entered. A hearing was set on October 11, 2016 in which she failed to appear and another $3000 cash bond, was imposed on the

defendant for an alias warrant. Prior to this warrant, in June 12, 2015, Wynn filed an affidavit of financial hardship stating that her income was $700 per month from SSI. It is the belief of the petitioners that she has been arrested on this warrant On October 25, 2016 and was released upon return of payments of $20 per month.(see exhibit 15)

39) Michael Lambert is a defendant in a criminal case (25DC 2011-539) wherein he entered a plea of guilty to the misdemeanor charge of receiving stolen property 3rd Degree and he received a twelve (12) month suspended sentence on November 29, 2011 and was given 24 months of probation. Lambert had an appointed attorney.   On April 17, 2014, Lambert was released from county probation by Order of Judge Chaney (even though his probation expired in 2013). In August 19, 2016, (3 YEARS after expiration of probation) the State of Alabama filed a motion for writ of arrest for failure to pay the balance of $4776.20 of the fine plus court costs owed. Lambert had paid a total of $3523 and had previously been issued an alias warrant on August 27, 2015 with a $1,400 cash bond.  A hearing was set on October 11, 2016 for the August 2016 Motion in which he failed to appear and a $1200 cash bond was imposed on the defendant for an alias warrant. It is the belief of the petitioners that he has not been arrested on this warrant.(see exhibit 16)

40) Katherine Conn is a defendant in a criminal case (25DC 2011-120) wherein she entered a plea of guilty to unlawful possession of a controlled substance. She pled to this charge on June 19, 2012 and received a three (3) year sentence to prison for failure to complete Drug Court. Conn had an appointed attorney during the whole process. She was released from prison on December 31, 2012 on parole. In August 5, 2016, (4 YEARS after being sentenced to 3 yrs) the State of Alabama filed a motion for writ of arrest for failure to pay the balance of $1145.30 of the fine plus court costs owed to which she had already paid $950 . A hearing was set on October 11, 2016 in which she failed to appear and a $250 cash bond, was imposed on the

defendant for an alias warrant. It is the belief of the petitioners that she has not been arrested on this warrant. (see exhibit 17)

41)   Justin Michael Smith is a defendant in a criminal case (25DC 2011-783) wherein he entered a plea of guilty to the misdemeanor charges of receiving stolen property 3rd Degree and Theft of Property 3rd Degree and he received a twelve (12) month suspended sentence on January 31, 2012 and was given 24 months of probation. Smith had an appointed attorney. On June 12, 2012, an alias warrant was issued by the clerk and there was no bond set. On August 26, 2015 an alias warrant was issued and a $1500 cash bond was imposed. In August 9, 2016, (2 YEARS after expiration of probation) the State of Alabama filed a motion for writ of arrest for failure to pay the balance of $1808.33 of the fine plus court costs owed. Lambert had paid a total of $734. A hearing was set on October 11, 2016 for the August 2016 Motion in which he failed to appear and a $1000 cash bond was imposed on the defendant for an alias warrant. It is the belief of the petitioners that he has been arrested on this warrant on February 13, 2017. On February 15, 2017, Judge Kim Chaney appointed Alex Chaney to represent Smith and ordered that Smith may be released upon payment of $300 to the clerk. (note: Smith is not entitled to appointment of counsel after completion of sentence and probation as is the case) (see exhibit 18)

42)   Sharon Hand is a defendant in a criminal case (25DC 2012-73) wherein she entered a plea of guilty to unlawful possession of a controlled substance. She received a fifteen (15) year sentence to prison on October 28, 2013. Hand had an appointed attorney. She was released from prison on parole in April 7, 2014. In August 5, 2016, (2 YEARS after being paroled) the State of Alabama filed a motion for writ of arrest for failure to pay the balance of $831.30 of the fine plus court costs which was owed. A hearing was set on October 11, 2016 in which she failed to appear and a $800 cash bond, was imposed on the defendant for an alias warrant. It is the belief of the petitioners that she has been arrested on this warrant on November 7, 2016 and it is unknown if she was released. (see exhibit 19)

43)     Other Defendants with recent cases on that same October 11, 2016 docket include: Jonah Witherspoon (25 DC 2014 631) whom pled to misdemeanor Assault 3rd Degree on March 25, 2015 and had a 12 month suspended sentence with 24 months' probation. Witherspoon had an appointed attorney. On July 26, 2016, the State of Alabama filed a motion for writ of arrest for failure to pay the balance of $1247.30 on his fine and court costs, and a hearing was set on October 11, 2016 to which the defendant failed to appear. A $1,200 cash bond was set on October 18, 2016 to which it is believed the Defendant has not been arrested on. (see exhibit 20)

44)     Robert Stewart (25 DC 2014 186) whom pled to misdemeanor Theft of Property 3rd Degree on January 26, 2015 and had a 12 month suspended sentence with 24 months of probation. Stewart had an appointed attorney. On August 11, 2016, the State of Alabama filed a motion for writ of arrest for failure to pay the balance of $1414.90 on his fine and court costs, and a hearing was set on October 11, 2016 to which the defendant failed to appear. A $1,600 cash bond was set on October 18, 2016 to which it is believed the Defendant has not been arrested on. (see exhibit 21)

45)     Steven Drew (25 DC 2015 703) whom pled to misdemeanor possession of forged instrument 3rd Degree on December 21, 2015 and had a 12 month suspended sentence with 24 months of probation. Drew had an appointed attorney. On July 26, 2016, the State of Alabama filed a motion for writ of arrest for failure to pay the balance of $1217.40 on his fine and court costs, and a hearing was set on October 11, 2016 to which the defendant failed to appear. A $1,000 cash bond was set on October 18, 2016 to which it is believed the Defendant has not been arrested on. (see exhibit 22)

46)     Sonya Chappell (25 DC 2015 313) whom pled to misdemeanor illegal possession of prescription drugs on August 10, 2015 and had a 12 month suspended sentence with 24 months of probation. Chappell had an appointed attorney. On July 26, 2016, the State of Alabama filed a motion for

writ of arrest for failure to pay the balance of $1350 on her fine and court costs, and a hearing was set on October 11, 2016 to which the defendant failed to appear. A $1,300 cash bond was set on October 18, 2016 to which it is believed the Defendant has not been arrested on. (see exhibit 23)

47)   Philesha Price is a defendant in a criminal case (25DC 2015-444) was charged with unlawful possession of controlled substance wherein the case was to be dismissed on August 10, 2015 with conditions of payment of court costs and fines. Price had an appointed attorney in this case. On July 26, 2016, the State of Alabama filed a motion for writ of arrest for failure to pay the balance of the fine plus court costs owed. According to the court records, Eddy owes the sum of $572.30. A hearing was set on October 11, 2016 in which she failed to appear and a $500 cash bond was imposed on the defendant for an alias warrant. It is the belief of the petitioners that he has not been arrested on this warrant.  (see exhibit 24).

48)   Ronald Stephenson (25 DC 2015 639) whom pled to misdemeanor unlawful possession of drug paraphernalia on December 7, 2015 and had a 12 month suspended sentence with 24 months of probation. Stephenson had an appointed attorney. On July 26, 2016, the State of Alabama filed a motion for writ of arrest for failure to pay the balance of $1919.40 on his fine and court costs, and a hearing was set on October 11, 2016 to which the defendant failed to appear. A $1,800 cash bond was set on October 18, 2016 to which it is believed the Defendant has not been arrested on. (see exhibit 25).

49)   On October 7, 2016 a "payment docket" was held by the Honorable Greg Nicholas, Circuit Judge for the 32nd Judicial Circuit. On that date, the following arrest warrants were issued for failure to pay:

50)   Michael James, (25CC-2001-215) where the defendant pled to Sexual Abuse 1st Degree and sentenced to prison on May 9, 2001 for four (4) years. James was represented by appointed counsel when charged and entering a guilty plea. On October 7, 2016, (11 YEARS after his sentence) an alias warrant

was issued for failure to pay and a $929.06 cash bond was imposed. (see exhibit 26)

51)  Christopher Williams, (25CC-2003-263) where the defendant pled to theft of property 2nd Degree and sentenced to prison on May 19, 2003 for fifteen (15) years. Williams was represented by appointed counsel when charged and entering a guilty plea. He was paroled on March 30, 2009. On October 7, 2016, (7 YEARS after his sentence) an alias warrant was issued for failure to pay the $1683 balance owed on his fines and costs and a $1636 cash bond was imposed. (see exhibit 27)

52)  Westly Screws, (25CC-2007-236) where the defendant pled to Possession of a forged instrument 2nd Degree and sentenced to two years suspended sentence with two years of probation on August 18, 2007. Screws was represented by appointed counsel when charged and entering a guilty plea On October 7, 2016, (7 YEARS after his probation ended) an alias warrant was issued for failure to pay and a $500 cash bond was imposed. Prior to the imposition of this cash bond, the court notice of the October 7, 2016 was returned to the clerk's office with the post office stating that there was no such number (address) and that they were unable to forward the mail. Apparently Screws did not receive notice of the October 7, 2016 hearing. Regardless, he did receive a $500 cash bond on that date. (see exhibit 28)

53)  Daniel Speegle, (25CC-2008-263) where the defendant pled to Burglary 3rd Degree and was sentenced to 30 months suspended with 3 years of probation on September 10, 2008. Speegle was represented by appointed counsel when charged and entering a guilty plea. On October 7, 2016, (5 YEARS after his probation ended) an alias warrant was issued for failure to pay and a 3808.30 cash bond was imposed. Speegle had already paid $1310 of the $5118.30 court costs leaving a balance of $3808.30. Even more egregious is the fact that on April 16, 2015, the State of Alabama filed an unverified **motion** for a civil judgment for the amount of restitution owed on this case and requested that any outstanding writ of arrests be recalled so that they may pursue collection of the restitution by civil proceeding. The

court granted the **motion** for a civil judgment on April 17, 2015. Apparently the State of Alabama was unable to collect the judgment through garnishments and requested that a show cause hearing be set. The defendant failed to appear and a cash bond for the civil judgment amount was entered on October 7, 2016. (see exhibit 29)

54) Kristi Burks, (25CC-2009-122) where the defendant pled to Unlawful Possession of a controlled substance and sentenced to prison on May 19, 2009 for fifteen (15) years. Burks was represented by appointed counsel when charged and entering a guilty plea. She was paroled on May 3, 2010 and since that parole date has been in and out of jail for failure to pay on numerous occasions, each time with a cash bond. On October 7, 2016, the defendant filed a pro-se letter to Judge Nicholas explaining her inability to pay her fines because she was awaiting approval for her social security disability application and that she had a child to care for. She also explained that she had experience a seizure on the morning that she was to attend court and was unable to locate someone to help her care for her child. On October 7, 2016, (6 YEARS after her parole) an alias warrant was issued for failure to pay and a $4,382 cash bond was imposed. (see exhibit 30)

55) Article 1 subsection 16 of the Alabama Constitution states:

> *All persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great, and…. **excessive bail shall not in any case be required**.*

56) The 8th Amendment to the Constitution of the United States provides that

> ***Excessive bail shall not be required……***

57) In **Bearden v. Georgia**, 461 U.S. 660 (1983), the SCOTUS held that depriving an individual of "conditional freedom simply because, through no fault of his own, he cannot pay… would be contrary to the fundamental fairness required by the Fourteenth Amendment @672-673. In this case the trial court revoked the probation of Bearden for failure to pay a fine due to his indigency. The Supreme Court held that a court cannot simply imprison a

defendant for failure to pay a fine without first making and inquiry into the circumstances of failing to pay the fine.

58)    The Supreme Court has also held that the government cannot have policies or procedures that have the effect of punishing a person for his poverty: **Griffin v. Illinois**; **Smith v. Bennett**; **Tate v. Short**; and **Williams v. Illinois**;

59)    In **Stack v. Boyle**, 342 U.S. 1 (1951) the SCOTUS held that the "traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction" citing **Hudson v. Parker**, 156 U.S. 277, 285 (1895). "The right to release before trial is conditioned upon the accused's giving adequate assurance that he will stand trial and submit to sentence if found guilty".......... "Bail set at a figure higher than an amount reasonably calculated to fulfill this purpose is "excessive" under the Eighth Amendment" ...... "Since the function of bail is limited, the fixing of bail for any individual defendant must be based upon standards relevant to the purpose of assuring the presence of that defendant.

60)    The Alabama Rules of Criminal Procedure, Rule 26.11 sets out the procedure for enforcement of payment of fines and restitution. Rule 26.11(i)(2) states:

> *In no case shall an indigent defendant be incarcerated for inability to pay a fine or court costs or restitution.*

61)    "Imprisonment solely because of indigent status is invidious discrimination and not constitutionally permissible" **Pugh v. Rainwater**, 572 F.2d 1053, 1056 (1970); **Williams v. Illinois**, 399 U.S. 235 (1970); **Tate v. Short**, 401 U.S. 395 (1971).

### ARGUMENT

62)    The petitioners are each being detained solely because of their indigent status. If they were not impoverished and able to post cash bail, they would not be incarcerated awaiting their trial.

63)     The District Court of Cullman County in each of the petitioner's cases have violated their right to pre-trial release by imposing cash-only bail because of their indigent status and inability to post cash bail.

64)     The petitioners, because of their indigent status and inability to post cash bail, are each being deprived of their presumption of innocence and are in fact being punished by imprisonment prior to any conviction or presentation of their case to a finder of fact.

65)     The petitioners are each being deprived of Due Process of Law solely because of their indigent status. Similarly charged defendants whom are not indigent are able to post bail and able to assist in the preparation of their defense. The petitioners are limited to their access of persons, documentary evidence, and the review of the relevant law for each of their cases because of their pre-trial detention.

66)     Three of the named petitioners are each being deprived of Due Process of Law because they have bail set by magistrates in felony cases, contrary to Alabama law.

67)     The 32nd Judicial Circuit abuses process and violates constitutional guarantees and protections, as well as state court rules/law, by imposing cash bail on defendants whom are no longer under the jurisdiction of the court.

68)     The 32nd Judicial Circuit abuses process and violates constitutional guarantees and protections, such as Due Process of Law by imposing cash bail on defendants in criminal cases whom have not been adequately notified of the cases against them. In each of the cases cited in paragraphs 28-54 above, the proceeding which lead to the imposition of the cash only bail were initiated by *motions* filed by the District Attorney for the 32nd Judicial Circuit. The same standard non-verified motion was filed by the District Attorney, most not even stating any sufficient facts about the defendant. None of the motions included a summons to court and the allegations contained within the motion was unverified.

69)     Alabama Code 15-22-54(c) states: At any time **during** the period of probation or suspension of sentence, the court may issue a warrant and cause the defendant to be arrested. Nothing in the statute allows the court to issue a warrant of arrest after the term of probation has expired.

70)     For an indigent defendant, cash bail on its face is *excessive bail,* which is constitutionally impermissible.

71)     It is facially unconstitutional to impose a cash bail on a non-capital case, to which an indigent cannot post.

## CLASS ACTION ALLEGATIONS

72)     The petitioners bring this action on behalf of themselves individually and on behalf of all others similarly situated, for the purpose of asserting the claims alleged in this complaint on a common basis.

73)     Although there are only four petitioners listed as plaintiffs, there are numerous other defendants in the Cullman County Detention Center whom are incarcerated in pre-trial detention because of their inability to post cash only bail. These petitioners are the current cash only detainees that the undersigned has been appointed to represent in criminal proceedings. Other attorneys in the 32nd Judicial Circuit also report defendants whom they have been appointed to represent whom are subjected to pretrial detention because of cash only bail.

74)     The imposition of cash only bail by both magistrates and the judges of the 32nd Judicial Circuit is a routine practice.

75)     A class action is a superior means, and the only practicable means, by which the petitioners and other class members can challenge the State of Alabama's and specifically the 32nd Judicial Circuit's unconstitutional and unlawful detention scheme.

76)     There are also numerous defendants held by cash only bail in the municipal court systems across the State of Alabama.

77)     The defendants listed in the examples of paragraphs 28-54 above are only from two dockets held in October 2016 in the 32nd Judicial Circuit. Numerous

other defendants have cash only bonds from numerous other payment review dockets held in other months.

78) The defendants listed in examples of paragraphs 28-54 are only from the 32nd Judicial Circuit. There are numerous Judicial Circuits across the State of Alabama which hold these FRAC (fines, restitution and costs) recovery dockets also known as the Restitution Recovery Initiative for Victims in Alabama and "pay dockets". (see attached exhibit 31).

79) These dockets have been established by the Office of Prosecution Services in cooperation with the Administrative Office of Courts as a way to collects unpaid fines, costs and restitution to help fund the court system and district attorney offices across the State of Alabama whom are experience a financial crisis (see article attached as exhibit 31).

80) This action has been brought and may properly be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

81) This action satisfies the numerosity, commonality, typicality, and adequacy requirements of those provisions in Rule 23.

82) Petitioners proposes a class seeking declaratory and injunctive relief. The Class is defined as; All defendants and arrestees unable to pay for their release who are or who will be in the custody of the Sheriffs of each county in the State of Alabama as a result of an arrest on a warrant for cash only bail.

83) The class satisfies the numerosity requirement under Rule 23(a)(1) as every arrestee or defendant has the option of posting cash bail in the amount set by the court or will suffer incarceration in a county jail for varying lengths of time until they either make the court ordered payment or post the cash only bail.

84) In the event that the arrestee or defendant is indigent, they will remain incarcerated.

85) In the event that the arrestee or defendant is not indigent, they will be permitted to post cash bail and be immediately released.

86) Paragraphs 28-54 above, list the names of 26 defendants whom have been determined to be indigent in the criminal proceedings within one judicial

circuit and whom failed to appear at these two specific FRAC dockets and now have or had arrest warrants issued with cash only bail.

87) There are numerous other defendants across the State of Alabama whom are subjected to the same cash only bail provisions.

88) The class satisfies the commonality requirement of Rule 23(a)(2) as the relief sought is common to all members of the class. The petitioners seek a declaration from the court that cash only bail for indigents is constitutionally impermissible. The petitioners seek relief from the court to preliminarily and permanently restrain the State of Alabama from imposing cash only bail against defendants whom are determined to be indigent.

89) In granting the requested relief, all class members as well as the petitioners will have their constitutional rights protected presently and in the future.

90) The common legal and factual question arises from the judicial circuits across the State of Alabama implementing a system of cash only bail for defendants failing to appear at these cost recovery dockets and the 32nd Judicial Circuit violating the Due Process protections under the Constitutions of the United States and Alabama by imposing cash only bail in the cases of indigent criminal defendants. This is in addition to the violation of the Alabama Statutes by magistrates setting bail in felony cases.

91) The resolution of the common legal and factual issues will determine whether all of the members of the class are entitled to the relief that they seek.

92) The class satisfies the Typicality requirement of Rule 23(a)(3).

93) The petitioner's claims are typical of the claims of the other members of the class and the petitioner have the same interest in this case as all member of the class they represent. Each of the members of the class are indigent defendants of criminal cases and each of them are subjected to cash only bail. Each member of the class will be confined to jail because of their inability to post cash only bail.

94) The resolution of the constitutionality of cash only bail for indigents will determine the claims for relief sought by the petitioners individually and as representatives of the members of the class of indigent defendants.

95)  If the petitioners are successful in their claim as to the unconstitutionality of cash only bail for indigents, the rulings by the Court will benefit all members of the class.

96)  The class satisfies the adequacy requirement under Rule 23(a)(4).

97)  The Petitioners are adequate representatives of the class because they have the same interests in the determination of the legal claims and their claims are aligned with the interests of the other class members, whom each have the same constitutional claims. The petitioners are members of the class and their interests are not in conflict or antagonistic to those interests of the other members.

98)  There are no known conflicts of interests among the members of the proposed class. They all have the same interest in having the court to rule that cash only bail for indigents is per se unconstitutional.

99)  The interests of the members of the class will be fairly and adequately protected and represented by the petitioners and their attorney.

100)  The class action certification is warranted under Rule 23(b)(2).

101)  Class action status is appropriate and warranted as the State of Alabama has imposed cash only bail to indigent criminal defendants across the State. The State of Alabama has acted in the same unconstitutional manner with respect to all class members which are defined as indigent defendants in criminal cases whom are subjected to cash only bail.

102)  Those defendants whom can post cash only bail, are arrested on the warrant and are subsequently released upon posting the cash only bail.

103)  The indigent class members contained herein are unable to post cash only bail and remain incarcerated.

104)  The class seeks declaratory and injunctive relief to enjoin the State of Alabama from imposing cash only bail.

105)  Because the class challenges the constitutionality of cash only bail through this declaratory and injunctive relief, the granted relief would apply to and benefit each member of the class. Therefore, class certification under Rule 23(b)(2) is appropriate and necessary.

## CLAIM FOR DECLARATORY RELIEF

106) The petitioners alleges, adopts and incorporates by reference all previous allegations contained in paragraphs 1 through 106.

107) The Fourteenth Amendment's Due Process clause have long prohibited the imprisonment of a person because of the person's inability to make a monetary payment.

108) The SCOTUS has long held in numerous decisions that imprison as a result of poverty is constitutionally impermissible.

109) An indigents incarceration solely because of his inability to post cash bail is constitutionally impermissible.

110) The State of Alabama violates the rights of the petitioners and all other class members by incarcerating them because they cannot post cash bail.

## REQUEST FOR DECLARATORY RELIEF

111) The petitioners, individually and on behalf of the other class members request the Court to Order the following relief:

A) The Defendant(s) be made a party to this action, to require them to plead or answer otherwise the allegations set out in this Complaint, and after a hearing on the merits, enter an ORDER:

B) Declaring that the bail statute, Section 13 of Title 15 of the Code of Alabama is unconstitutional as it pertains to cash only bail.

C) Declaring that the State of Alabama is in violation of the Constitution of Alabama and the Constitution of the United States prohibition against excessive bail when the court imposes cash bail on a defendant that has been declared to be indigent by the court.

D) Declare that the magistrates within the State of Alabama are limited by Alabama Code 12-17-251 to granting bail only in minor misdemeanor prosecutions and are not permitted to grant bail, especially cash bail, in felony cases.

E) Declare that the magistrates within the State of Alabama are in violation of Alabama Code 12-17-251 when granting bail in felony cases, specifically cash bail for defendants that are determined to be indigent.

F) Declare that the courts of the State of Alabama are in violation of the Constitution of the United States when imposing cash only bail in the case of defendants whom are determined to be indigent.

G) Make any other declarations and orders and such other relief as this Court deems proper and just under the circumstances.

## COMPLAINT FOR PRELIMINARY and FINAL INJUNCTION

112) The petitioners alleges, adopts and incorporates by reference all previous allegations contained in paragraphs 1 through 111.

113) Alabama Code 15-13-111 allows for various forms of bail for a defendant pending a trial on criminal charges, which includes cash only bail.

114) This bail statute allows cash bail to be imposed by the Courts against defendants at their discretion.

115) The magistrates across the State of Alabama routinely fix bail for felony charges, in violation of the Alabama Code. This bail is routinely in the form of cash bail.

116) As a result, indigent defendants are left to suffer in jail and await their trial.

117) Defendants charged with crimes whom are not indigent can post bail, be released from pretrial detention and await their trial.

118) Indigent Defendants such as the petitioners, because they cannot post cash bail, eventually lose their job, their personal possessions and their freedom solely because of their indigency status and inability to post cash bail.

119) The Courts of the 32nd Judicial Circuit routinely imposes a cash bail on defendants, many indigent, for failure to appear at hearings and for failure to pay court ordered fines and restitution which is also unlawful (see ARCrP 26.11).

120)    These indigent defendants remain incarcerated until they have a trial or hearing for days or weeks or months. Defendants whom are not indigent are able to post cash bail and are released to await their trial or hearing.

121)    The Constitutions of Alabama and the United States prohibit excessive bail.

122)    Cash bail for an indigent is excessive bail because he is unable to pay for his release.

123)    "Imprisonment solely because of indigent status is invidious discrimination and not constitutionally permissible" Pugh v. Rainwater, 572 F.2d 1053 (1970).

124)    Without the intervention of this court, indigent criminal defendants will continue to be detained in jails because of their inability to post cash bail.

## REQUEST FOR INJUNCTIVE RELIEF

125)    The petitioners, individually and on behalf of the other class members request the Court to Order the following relief:

A) The Defendant(s) be made a party to this action, to require them to plead or answer otherwise the allegations set out in this Complaint, and after a hearing on the merits, enter an ORDER

B) This complaint be treated as an affidavit in support of the motions and pleadings contained therein and this complaint be treated as Plaintiff's motion for preliminary injunction.

C) Defendant(s) be temporarily restrained from imposing cash bail upon defendants in criminal cases whom they determined to be indigent under the applicable statutes to determine indigency.

D) Defendant(s), be permanently restrained from imposing cash bail upon defendants in criminal cases whom they determined to be indigent under the applicable statutes to determine indigency.

E) Awards Plaintiff reasonable attorney fees and the costs of this action and such other and further relief as this Court may deem just and proper.

Done this 17th day of February, 2017.

s/Melvin Hasting
Melvin Hasting, (HAS016)
Attorney at Law
407 2nd Ave SW
P.O. Box 517
Cullman, Al 35056-0517
(256) 736-2230

Ray Schultz
Ray Schultz

Davon Beebe
Davon Beebe

Tyrone Beebe
Tyrone Beebe

James Sterling
James Sterling

Sworn to and subscribed before me this 17th day of February, 2017 by Ray Schultz, Davon Beebe, Tyrone Beebe and James Sterling.

Notary Public

9/13/2017
commission expires

MY COMMISSION EXPIRES
09-13-2017