FILED
 2017 Apr-03  PM 06:05
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| RAY CHARLES SCHULTZ, et al., | ) |
| *Plaintiffs*, | ) |
| | ) CIVIL ACTION NO. |
| v. | ) 5:17-cv-00270-HGD |
| STATE OF ALABAMA, | ) |
| *Defendant*. | ) |

### DEFENDANT'S MOTION TO DISMISS

Plaintiffs are criminal defendants or persons who have pled guilty to violations of Alabama criminal statutes, who assert that cash bail is unconstitutional. One of the Plaintiffs is Tyrone Daishawn Beebe, who previously challenged his cash bail in a habeas action, which this Court dismissed because Beebe failed to exhaust state remedies. *See Beebe v. Alabama*, 2017 WL 976922 (N.D. Ala. Feb. 22, 2017). Beebe now returns, with others, to allege that the setting of cash bail in certain cases violates the Eighth Amendment to the United States Constitution and Article 1 Sec. 16 of the Alabama Constitution of 1901. Doc. 1. They further allege that Alabama law does not permit state-court magistrates to set bail, except in cases of minor misdemeanor prosecutions. Plaintiffs purport to challenge the assessment of cash bail across the state, but they only allege that cash bail is improperly set in Cullman County, Alabama. Plaintiffs seek to represent a class.

1

The sole Defendant is the State of Alabama. The State moves to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on grounds that the State of Alabama is immune from suit; federal courts lack jurisdiction to order state officials to follow state law; the Court should not exercise supplemental jurisdiction if federal claims are dismissed; and the Court should abstain from exercising any jurisdiction it may have because Plaintiffs may challenge their bail as excessive in state court.

A Rule 12(b)(1) motion to dismiss challenges the court's subject matter jurisdiction and permits a facial or factual attack. *McElmurray v. Consul. Gov't of Augusta*, 501 F.3d1244, 1251 (11th Cir. 2007). On a Rule 12(b)(1) facial attack, the court evaluates whether the complaint "sufficiently allege[s] a basis of subject matter jurisdiction," employing standards similar to those governing Rule 12(b)(6) review. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335-36 (11th Cir. 2013).

"To survive Rule 12(b)(6) scrutiny," a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In further support of this motion, Defendant states as follows:

## I. Plaintiffs' claims against the State of Alabama are barred by Eleventh Amendment Immunity.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. This immunity also applies to federal suits brought against the State by its own citizens. *Hans v. Louisiana*, 134 U.S. 1, 14-17 (1890).[1]

Plaintiffs sue only the State of Alabama, which is protected from suit by the Eleventh Amendment.[2] Their claims, whether based on state or federal law, are therefore barred and due to be dismissed.[3]

---

[1] To the extent Plaintiffs purport to bring their claims pursuant to 42 U.S.C. § 1983, Congress has not abrogated Eleventh Amendment immunity in Section 1983 cases, and the State of Alabama has not waived its immunity. *Quern v. Jordan*, 440 U.S. 332 (1979); *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990).

[2] Though Plaintiffs ostensibly name the Sherriff of Cullman County as a defendant in the body of the complaint, Fed. R. Civ. P. 10 specifically states that "[t]he title of the complaint must name all the parties." Because plaintiffs have not complied with this requirement as to the Sherriff, the State of Alabama is properly understood as the sole defendant in this matter.

[3] Another problem with suing the State is that Plaintiffs allege only that Cullman County imposes cash bail. To establish the jurisdictional requirement of standing at the motion to dismiss stage, Plaintiffs must allege that their injury is directly traceable to the actions of the Defendant (the State), not a third party (Cullman County). *Hollywood Mobile Estates Ltd. V. Seminole Tribe of Florida*, 641 F.3d 1259, 1265 (11th Cir. 2011).

## II. Federal courts lack jurisdiction to require state officials to follow state law.

One of Plaintiffs' complaints is that "magistrates" allegedly impose bail beyond the limitations set by Ala. Code § 12-17-251(c)(2). *See* Doc. 1 ¶¶1, 115. However, the Eleventh Amendment deprives federal courts of jurisdiction to order a state official to comply with state law. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 121 (1984). Suing the State instead of state officials results in an absolute Eleventh Amendment bar, but even if this claim were raised against Alabama officials, it would be barred by *Pennhurst*.

## III. If the federal-law claims are dismissed, this court lacks federal question jurisdiction to consider claims of violations of state law.

Plaintiffs also claim that Cullman County's bail practices violate the Alabama Constitution. While all claims are due to be dismissed on grounds of Eleventh Amendment immunity for the reasons stated above, if this Court dismisses the federal claims, it should decline to exercise supplemental jurisdiction over any remaining state-law claims.

If a court dismisses all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over remaining state-law claims. 28 U.S.C. § 1367(c)(3). The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when … federal claims have been dismissed prior to

trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004). Indeed, judicial comity supports a district court's decision to decline to exercise supplemental jurisdiction. *See Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002). Thus, if the federal claims are dismissed, claims based on Alabama law should be dismissed as well.

### IV. To the extent the plaintiffs are parties to pending criminal matters, challenges to their bail should be asserted in state court, not federal court, and this Court should abstain.

Should any claims remain after the Court considers the jurisdictional issues raised above, the Court should abstain from exercising jurisdiction over the claims of any defendant with an ongoing criminal matter.

Plaintiffs do not purport to seek federal habeas review, which would be the proper procedure. *Harris v. Gee*, 2012 WL 3156589 (M.D. Fla. Aug. 3, 2012). Such federal review would be proper only to the extent that Plaintiffs seek review based on a violation of *federal* law. *Id.* Even if this matter is construed as a habeas petition, the Court should abstain.

While federal courts generally are obliged to exercise jurisdiction, "in exceptional cases federal courts may and should withhold equitable relief to avoid interference with state proceedings." *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003). *Younger* abstention applies when the federal proceeding

would interfere with an ongoing state action, when the proceedings involve important state interests, and when the state court proceeding would provide the plaintiff with an adequate remedy. *Id.* at 1274-75. Absent "extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court." *Thompson v. Wainwright*, 714 F.2d 1495, 1503 (11th Cir. 1983) (citing *Younger*). Pursuant to *Younger*, federal courts should abstain from granting injunctive or declaratory relief affecting a state criminal prosecution absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 45, 53-54).

Plaintiffs have failed to demonstrate that any of these three bases is present with respect to their claims. Even accepting the complaint's allegations as true, Plaintiffs do not allege bad faith prosecution or the absence of an adequate state forum, and pretrial detention based on a judicial determination of probable cause, without more, does not amount to irreparable injury. *Harris v. Gee*, *supra* (abstaining in matter where state-court criminal defendant sought habeas review of allegedly excessive bail on grounds of indigence). And in fact, a state *habeas* proceeding is precisely the *proper* procedure for resolution of the claims they have raised, as this

Court has already recognized in a prior suit brought by one of the plaintiffs individually. *See Beebe v. Alabama*, 2017 WL 976922 (N.D. Ala. Feb. 22, 2017) (citing *Ex parte Stokes*, 990 So.2d 852, 856 (Ala. 2008) for the proposition that "[a] pretrial detainee in Alabama wishing to assert an excessive bail claim should present the claim through a petition for writ of habeas corpus filed in the state courts."). A judgment in this Court would interfere with that procedure. Thus, to the extent this Court has jurisdiction, it should abstain from exercising it.

**V. To the extent this action should be construed as a writ of habeas corpus, the claims should be dismissed for failure to exhaust state remedies.**

If this Court construes Plaintiffs' claims as a writ of habeas corpus, then the claims are due to be dismissed on the same grounds that Plantiff Bebee's claims were previously dismissed by this Court. *See Beebe v. Alabama*, 2017 WL 976922 (N.D. Ala. Feb. 22, 2017)

WHEREFORE, Defendant the State of Alabama asks that this Court dismiss Plaintiffs' complaint.

        Respectfully submitted,

        STEVEN T. MARSHALL
          Attorney General

        s/James W. Davis
        James W. Davis (ASB-4063-I58J)
          Deputy Attorney General
        Laura E. Howell (ASB-0551-A41H)
          Assistant Attorney General

        State of Alabama
        Office of the Attorney General
        501 Washington Avenue
        Montgomery, Alabama 36130-0152
        Telephone: 334.242.7300
        Facsimile: 334.353.8440
        jimdavis@ago.state.al.us
        lhowell@ago.state.al.us

        Counsel for the State of Alabama

### CERTIFICATE OF SERVICE

I certify that on April 3, 2017, I filed the foregoing document electronically via the Court's CM/ECF system, which will send a copy to all counsel of record.

        s/James W. Davis
        Counsel for the State of Alabama