FILED
2017 Jun-07  PM 12:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| RAY CHARLES SCHULTZ, et al., ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | |
| ) | **CIVIL ACTION NO.** |
| BARRY MATSON, individually and in ) | 5:17-cv-00270-HGD |
| his official capacity as Executive Director ) | |
| of the Office of Prosecution Services, et al., ) | |
| ) | |
| *Defendants*. ) | |

## DEFENDANT STATE OFFICIALS' MOTION TO DISMISS

Plaintiffs are criminal defendants charged with violations of Alabama criminal statutes, who are (or were) being held in Cullman County on cash bail or bond pending their criminal trials.[1] They allege that the assessment of cash bail against an indigent criminal defendant violates the Eighth Amendment to the United States Constitution and Article I § 16 of the Alabama Constitution of 1901. Doc. 14 ¶¶ 20-21, 77-86. They also allege that state-court magistrates have set bail in cases other than minor misdemeanor prosecutions in violation of Alabama law. Plaintiffs purport to challenge the assessment of cash bail across the state, but only

---

[1] One of the Plaintiffs, Tyrone Daishawn Beebe, previously challenged his cash bail in a habeas action, which this Court dismissed for failure to exhaust state remedies. *See Beebe v. Alabama*, 2017 WL 976922 (N.D. Ala. Feb. 22, 2017). He now returns with three new Plaintiffs to raise a practically identical challenge, hoping for a different outcome.

allege that cash bail is improperly set in Cullman County, Alabama. Plaintiffs seek to represent a class.

The amended complaint (doc. 14) names Barry Matson, Director of the Office of Prosecution Services (OPS); Randy Helms, Director of the Alabama Administrative Office of Courts (AOC); and Alabama Attorney General Steven Marshall as Defendants in both their individual and official capacities. Defendants Matson, Helms, and Marshall (collectively, "Defendant State Officials") now move to dismiss the claims against them pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on grounds that Plaintiffs have failed to establish standing as against them; or in the alternative, to dismiss the amended complaint in its entirety on grounds raised by the State of Alabama: federal courts lack jurisdiction to order state officials to follow state law; the Court should not exercise supplemental jurisdiction if federal claims are dismissed; and the Court should abstain from exercising jurisdiction because Plaintiffs may challenge their bail as excessive in state court.

A Rule 12(b)(1) motion to dismiss challenges the court's subject matter jurisdiction and permits a facial or factual attack. *McElmurray v. Consul. Gov't of Augusta*, 501 F.3d1244, 1251 (11th Cir. 2007). On a Rule 12(b)(1) facial attack, the court evaluates whether the complaint "sufficiently allege[s] a basis of subject matter jurisdiction," employing standards similar to those governing Rule 12(b)(6)

review. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335-36 (11th Cir. 2013).

"To survive Rule 12(b)(6) scrutiny," a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In support of their motion, Defendant State Officials aver as follows:

## I.      Plaintiffs lack standing to sue Defendant State Officials.

"A party establishes standing…when it demonstrates the existence of (1) an actual, concrete and particularized injury in fact—an invasion of a legally protected interest; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Even assuming they have credibly alleged an injury in their complaint, Plaintiffs lack standing to bring claims against the Defendant State Officials because they did not *cause* the alleged injuries to Plaintiffs, and they cannot *redress* their alleged injuries.

*A. The Defendant State Officials did not cause injury to the Plaintiffs.*

The amended complaint alleges that "[t]he plaintiff(s) are indigents and incarcerated in the Cullman County Detention Center under the supervision of the Sheriff of Cullman County." Doc. 14 at 3 ¶ 2. Several paragraphs later, it clarifies that each of the Plaintiffs[2] is charged with committing a criminal offense under Alabama law, and all are currently being held subject to payment of bail in an amount set by local officials. *See* doc. 14 ¶¶ 23-25. *See also* doc. 14-1, Exhibits 1-4. (In their Motion for Temporary Restraining Order, Plaintiffs say that Ray Charles Schultz is now the only Plaintiff who is still incarcerated, having now been indicted on five felony counts.)

By contrast, the paragraphs concerning the Defendant State Officials allege only that they have worked together with local officials to facilitate the collection of past-due, unpaid fines and court costs from individuals who have been *convicted* of criminal offenses. Doc. 14 at 3 ¶ 6, 4 ¶ 7, ¶ 94. They have no involvement in the setting of bail for defendants like Plaintiffs here, whose cases have not yet been adjudicated. Rather, the amended complaint specifically alleges that bail for three of the four Plaintiffs was "set by a magistrate in the court clerk's office." *Id.* at ¶¶ 24-25. Nor have the Defendant State Officials imprisoned the Plaintiffs. Indeed, those Plaintiffs who are not incarcerated have no present injury that can be the

---

[2] The pleading alternately refers to the Plaintiffs as "petitioners," betraying the true nature of this action as an improper attempt to secure *habeas* review of their bail assessments.

subject of prospective injunctive relief, but for any Plaintiff held in prison on cash bail, his alleged injury was not caused by these Defendants.

Article III's causation element requires Plaintiffs to show "injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976). *See also Hollywood Mobile Estates, Ltd. v. Seminole Tribe of Florida*, 641 F.3d 1259, 1265 (11th Cir. 2011). Plaintiffs have failed to do just that.

### B. The Defendant State Officials cannot redress Plaintiffs' alleged injuries.

Plaintiffs likewise have failed to seek any relief that the Defendant State Officials can give. They seek declaratory judgments against the State, magistrates across the State, and "the courts of the State of Alabama," doc. 14 at ¶¶ 126C-F, and request that "Defendant(s) be permanently restrained from imposing cash bail upon defendants in criminal cases whom they determined to be indigent under the applicable statutes to determine indigency," doc. 14 ¶ 140D, which none of the Defendant State Officials is charged with doing, or indeed, even permitted to do. *See generally* Ala. Code §§ 15-13-101, -103 (defining "judicial officer" as "[a]ny supreme court, appellate court, circuit court, district court, or municipal court judge or any magistrate of any court in this state," and providing that "Admission to bail

is the order of a judicial officer of any court of the State of Alabama, or one of its subdivisions…").

The Supreme Court has held that a Plaintiff "has standing if there is some possibility that the requested relief will prompt the injury-causing party to reconsider the decision that allegedly harmed the litigant." *Massachusetts v. EPA*, 549 U.S. 497, 518 (2007). By contrast, even assuming this Court granted Plaintiffs all the relief they seek, the Defendant State Officials would remain unaffected, since they are not responsible for "imposing cash bail," doc. 14 at ¶¶ 140C-D, and indeed have no responsibilities whatsoever related to the setting or assessment of bail in local courts. Where there is no allegation that Defendant State Officials caused injury to Plaintiffs, there is likewise no ground for seeking redress or relief from them.

Having failed to allege any injury at the hands of the Defendant State Officials, or to seek any relief from them, Plaintiffs have not alleged the "irreducible constitutional minimum" required to establish standing against them. *Lujan*, 504 U.S. at 560. The Defendant State Officials are therefore due to be dismissed from this suit as improper defendants.

## II.   The Defendant State Officials Adopt and Incorporate the Alternative Arguments for Dismissal Advanced by Defendant State of Alabama.

### A. *Federal courts lack jurisdiction to require state officials to follow state law.*

Plaintiffs complain that "magistrates" allegedly impose bail in circumstances other than those set out in Ala. Code § 12-17-251(c)(2), and ask the Court to issue a declaratory judgment affirming the statute's limitations on when magistrates can grant bail. *See* Doc. 14 at ¶¶ 22, 81, 126D-E. While this claim does not involve any action taken by Defendant State Officials, the Eleventh Amendment deprives federal courts of jurisdiction to order a state official to comply with state law. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984). *Pennhurst* acknowledged that "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment." *Id.* at 107. Raised against *any* Alabama official, then, state-law claims are barred by *Pennhurst*.

> B. *If the federal-law claims are dismissed, this Court lacks federal question jurisdiction to consider claims of violations of state law.*

Plaintiffs also claim that Cullman County's bail practices violate the Alabama Constitution. While all claims against the Defendant State Officials are due to be dismissed for lack of standing as argued above, if this Court dismisses the federal claims, it should decline to exercise supplemental jurisdiction over any remaining state-law claims.

If a court dismisses all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over remaining state-law claims. 28 U.S.C. § 1367(c)(3). The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when … federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004). Indeed, judicial comity supports a district court's decision to decline to exercise supplemental jurisdiction. *See Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002). Thus, if the federal claims are dismissed, claims based on Alabama law should be dismissed as well.

### C. Because Plaintiffs are parties to pending criminal matters in state court, this Court should abstain.

Should any claims remain after the Court considers the jurisdictional issues raised above, the Court should abstain from exercising jurisdiction over the claims of any defendant with an ongoing criminal matter in state court. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971).

*Younger* abstention is appropriate when the federal proceeding would interfere with an ongoing state action, when the proceedings involve important state interests, and when the state court proceeding would provide the plaintiff with an adequate remedy. *31 Foster Children v. Bush*, 329 F.3d 1255, 1274-75 (11th Cir. 2003). Specifically, "absent extraordinary circumstances, a federal court must

abstain from deciding issues implicated in an ongoing criminal proceeding in state court." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262-63 (11th Cir. 2004) (citing *New Orleans Pub. Serv. Inc. v. Council of New Orleans*, 491 U.S. 350, 364 (1989)). Those "extraordinary circumstances," set out in *Younger*, require a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *Id.* at 1263 n.6 (citing *Younger*, 401 U.S. at 45, 53-54).

Here, even accepting the complaint's allegations as true, Plaintiffs have not alleged bad faith prosecution or the absence of an adequate state forum, and pretrial detention based on a judicial determination of probable cause, without more, does not amount to irreparable injury. *Harris v. Gee*, 2012 WL 3156589 at *1 (M.D. Fla. Aug. 3, 2012) (abstaining in matter where state-court criminal defendant sought habeas review of allegedly excessive bail on grounds of indigence). Thus, to the extent this Court has jurisdiction, it should abstain from exercising it.

### D. To the extent this action should be construed as a writ of habeas corpus, the claims should be dismissed for failure to exhaust state remedies.

Plaintiffs do not purport to seek federal habeas review, which would be the proper procedure only to the extent that they allege a violation of the federal

Constitution. *Harris*, *supra*, at *2 (citing *Wainwright v. Goode*, 464 U.S. 78, 104 (1983)). But if Plaintiffs' claims are construed as a habeas petition, they are due to be dismissed on the same grounds that Plaintiff Beebe's claims were previously dismissed by this Court: Plaintiffs must exhaust the *state* habeas process before they may raise their claims in federal court. *See Beebe v. Alabama*, 2017 WL 976922 at *2 (N.D. Ala. Feb. 22, 2017) (citing *Ex parte Colbert*, 805 So.2d 687, 688 (Ala. 2001)).

## III.   Additional Defenses

The Defendant State Officials also plead the defenses of Eleventh Amendment Immunity and Qualified Immunity.

* * *

WHEREFORE, Defendants Matson, Helms, and Marshall request that this Court dismiss Plaintiffs' claims against them, or in the alternative, that it dismiss the amended complaint in its entirety.

Respectfully submitted,

STEVEN T. MARSHALL,
  Attorney General

s/Laura E. Howell
James W. Davis (ASB-4063-I58J)
  Deputy Attorney General
Laura E. Howell (ASB-0551-A41H)
  Assistant Attorney General

10

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
Telephone: 334.242.7300
Facsimile: 334.353.8440
jimdavis@ago.state.al.us
lhowell@ago.state.al.us

Counsel for Defendant State Officials
Matson, Helms, and Marshall


**CERTIFICATE OF SERVICE**

I certify that on June 7, 2017, I filed the foregoing document electronically

via the Court's CM/ECF system, which will send a copy to all counsel of record.


s/Laura E. Howell
Counsel for the Defendant State
Officials

11