FILED
2017 Jun-15 PM 04:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **RANDALL PARRIS, ON BEHALF OF HIMSELF AND A CLASS OF SIMILARLY SITUATED INDIVIDUALS,** ) ) ) ) ) **PLAINTIFFS,** ) ) **VS.** ) **JUDGE MARTHA WILLIAMS, IN HER OFFICIAL CAPACITY AS A CIRCUIT COURT JUDGE FOR THE 32ND JUDICIAL CIRCUIT STATE OF ALABAMA; (NON-MONETARY; DECLARATORY JUDGMENT ONLY), JOAN WHITE, IN HER OFFICIAL CAPACITY AS A MAGISTRATE; AMY BLACK, IN HER OFFICIAL CAPACITY AS A MAGISTRATE; AND LISA MCSWAIN, IN HER OFFICIAL CAPACITY AS THE CIRCUIT CLERK OF CULLMAN COUNTY, CULLMAN COUNTY COMMISSION, KENNETH WALKER, KERRY WATSON, AND GARRY MARCHMAN; CULLMAN COUNTY SHERIFF'S OFFICE; SHERIFF MATT GENTRY, ALABAMA ADMINISTRATIVE OFFICE OF THE COURT (A.O.C.), RANDY HELMS, IN HIS OFFICIAL CAPACITY AS THE DIRECTOR OF THE ALABAMA ADMINISTRATIVE OFFICE OF THE COURT,** ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **CASE NO.:  5:17-CV-000270-MHH** |
| **DEFENDANTS.** ) | |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, RANDALL LEE PARRIS, by and through his attorney of service, Thomas E. Drake, II; and, pursuant to Rule 15, F.R.C.P., amended his Complaint heretofore filed as follows:

1. Violating the Petitioner's Eighth and Fourteenth Amendment rights to reasonable bail and equal protection.
2. County or Counties meaning the 32nd Judicial Circuit and/or the Cullman County Circuit Clerk and/or the Magistrate of the Circuit Court and/or any Judge named in this Complaint; individually or in combination.

A. By adding the names of other Plaintiffs; viz: Shawn Smelser, Gorman Max Cullwell, Jr., Rose Meeks, Colin Scott, Nicholas Moody, Christy Burks, Misti Anderson,

B. By adding other averments and allegations which follow:

5. Plaintiff's Shawn Smelser, Gorman Max Culwell, Jr, Rose Meeks, Colin Scott, Nicholas Moody, Christy Burks, and Misti Anderson are resident citizens of Alabama who reside in the Northern District of Alabama.

33. Plaintiff's Shawn Smelser, Gorman Max Culwell, Jr, Rose Meeks, Colin Scott, Nicholas Moody, Christy Burks, and Misti Anderson had bail initially set at $1,000,000.00 (one million dollars).

34. Plaintiffs bail was set without any regard, whatsoever, to constitutional law nor the prior precedent of the United States Supreme Court.

35. The Defendant Magistrates, Joan White and Amy Black, set bail at one million dollars ($1,000,000.00) in all drug trafficking and manufacturing first degree cases without any regard to the financial ability of the accused.

36. That the Defendant Magistrates set maximum bail in order to assure that the accused remain in jail.

37. That the Defendant Magistrates set bail in direct violation of the Eighth and Fourteenth Amendments (U.S.C.A.) and the presumption of Innocence.

38. That the Defendant, Alabama Administrative Offices of the Court (A.O.C.) has directed all state magistrates to set bail within the "Bail Schedule" without any regard to the accused financial status/ability.

39. That the A.O.C. and it's director, Randy Helms, have implemented policies and procedures which violate the mandates of the Eighth Amendment, Fourteenth Amendment, and the Presumption of Innocence.

40. That the Defendants, within the judicial branch of Cullman County set bails without regard to whether the bail, as set, insures the appearance of the accused for hearing or trial.

---

1. Violating the Petitioner's Eighth and Fourteenth Amendment rights to reasonable bail and equal protection.
2. County or Counties meaning the 32nd Judicial Circuit and/or the Cullman County Circuit Clerk and/or the Magistrate of the Circuit Court and/or any Judge named in this Complaint; individually or in combination.

41. That the violations of prior court precedent; the Eighth and Fourteenth Amendments; and, the Presumption of Innocence are systematic and embedded in the Cullman judicial apparatus.

42. That the violations, herein alleged, are of a continuing nature.

43. That the judicial officers named herein, set CASH ONLY bail in cases knowing that this type of bail is a sham and illusory.

44. That the judicial officials and officers, herein named, set CASH ONLY bail to imprison citizens prior to trial in violation of prior precedent and constitutional protections.

45. That the aforementioned judicial officers/officials regularly set CASH ONLY bail to insure the continued imprisonment of alleged offenders in violations of the Presumption of Innocence, Due Process of Law, the Eighth and Fourteenth Amendments and prior precedent as enunciated by the federal courts.

46. That the Plaintiffs are/were denied DUE PROCESS OF LAW; unable to self-investigate their cases and assist in their defense due to the unlawful and unconstitutional machinations and excessive bail set by the aforementioned.

47. That the A.O.C. has wholly failed to properly train, oversee and supervise the Courts and it's Court officials resulting in the deprivations referred to herein.

48. That the Defendant Sheriff, Clerk, Magistrates and Judge have conspired, combined and confederated to establish a system without regard to rights of the Plaintiffs; and, one which is politically expedient.

49. That the system of bail in Cullman County is the result of unconstitutional and reprehensible POLICIES to advance political interests and detain citizens prior to trial contrary to those constitutional rights enumerated above and herein.

C. Now that the Plaintiff's and these additional allegations have been amended; the Plaintiffs Complaint will henceforth be read as follows:

\*    \*    \*    \*    \*    \*    \*

---

1. Violating the Petitioner's Eighth and Fourteenth Amendment rights to reasonable bail and equal protection.
2. County or Counties meaning the 32nd Judicial Circuit and/or the Cullman County Circuit Clerk and/or the Magistrate of the Circuit Court and/or any Judge named in this Complaint; individually or in combination.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| RANDALL PARRIS, GORMAN MAX CULWELL, JR., ROSE MEEKS, COLIN SCOTT, NICHOLAS MOODY, CHRISTY BURKS AND MISTI ANDERSON, ON BEHALF OF THEMSELVES AND A CLASS OF SIMILARLY SITUATED INDIVIDUALS, | ) ) ) ) ) ) | |
| PLAINTIFFS, | ) | |
| VS. | ) | CASE NO.:   5:15-CV-00270-MHH |
| JUDGE MARTHA WILLIAMS, IN HER OFFICIAL CAPACITY AS A CIRCUIT COURT JUDGE FOR THE 32ND JUDICIAL CIRCUIT STATE OF ALABAMA; (NON-MONETARY; DECLARATORY JUDGMENT ONLY), JOAN WHITE, IN HER OFFICIAL CAPACITY AS A MAGISTRATE; AMY BLACK, IN HER OFFICIAL CAPACITY AS A MAGISTRATE; AND LISA MCSWAIN, IN HER OFFICIAL CAPACITY AS THE CIRCUIT CLERK OF CULLMAN COUNTY, CULLMAN COUNTY COMMISSION, KENNETH WALKER, KERRY WATSON, AND GARRY MARCHMAN; CULLMAN COUNTY SHERIFF'S OFFICE; SHERIFF MATT GENTRY, ALABAMA ADMINISTRATIVE OFFICE OF THE COURT (A.O.C.), RANDY HELMS, IN HIS OFFICIAL CAPACITY AS THE DIRECTOR OF THE ALABAMA ADMINISTRATIVE OFFICE OF THE COURT, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| DEFENDANTS. | ) | |

**CLASS ACTION COMPLAINT**

1. Violating the Petitioner's Eighth and Fourteenth Amendment rights to reasonable bail and equal protection.
2. County or Counties meaning the 32nd Judicial Circuit and/or the Cullman County Circuit Clerk and/or the Magistrate of the Circuit Court and/or any Judge named in this Complaint; individually or in combination.

## INTRODUCTION

This case is about the 32nd Judicial Systems post-arrest detention scheme to imprison some of Cullman Counties poorest residents without the benefit of reasonable bail. The Plaintiff, through undersigned counsel, and a class of all persons who are or will be incarcerated in the Cullman County Detention facility and who have been determined to be eligible for release, pursuant to Alabama law, are detained solely because they cannot afford to post the required amount of bail.

In Cullman County, arrestees face two possible outcomes depending on their wealth status. Wealthy arrestees purchase their freedom by paying an arbitrary amount set by a magistrate relying upon a bail schedule and a policy adopted by the office of the Clerk. Poor arrestees simply remain stuck behind bars because they cannot afford to pay the Clerk/Magistrates pre-determined sum of one million dollars ($1,000,000.00), set in every drug trafficking case. If a person is charged with more than one offense, the fixed amount for each offense is added together to determine the total amount of bail required for release. Those arrestees who are too poor to afford to pay excessive bail remain in jail because of their poverty. In Defendant's wealth based detention scheme, the sole criteria determining whether a pretrial arrestee walks free or sits in jail is the amount of money he or she has.

On behalf of the many other arrestees subject to the Counties unlawful and ongoing wealth-based detention scheme, the Plaintiff in this cause challenges the use of an unlawful generic "bail schedule" (one size fits all) that operates to detain poor arrestees while letting rich arrestees free. In addition, Plaintiff and those similarly affected complain that the Defendants policy to set (or uphold) bail at one million dollars in every drug trafficking case has no place in a system that promises equal justice under the law, and violates the Due Process and Equal Protection Clauses of the Constitution.

By and through his attorney and on behalf of himself and all others similarly situated, the named Plaintiff seeks in this civil action the vindication of his fundamental rights, injunctive relief assuring that his rights and the rights of other class members will not continue to be violated, compensatory damages for the injuries suffered, attorney fees, and a declaration that the Counties wealth-based detention practices are unlawful.

## NATURE OF THE ACTION

1. It is the standard policy and practice of the Cullman County judicial system to refuse to release arrestees from jail unless they pay a generic and arbitrary "bond" amount. In all drug trafficking cases, bail is set at one million dollars ($1,000,000.00). Since this sum is set generically by reference to the alleged offense of arrest, no individualized factors are considered, and anyone who cannot afford to pay is held in jail. Plaintiff seeks declaratory, injunctive and compensatory relief.

## JURISDICTION AND VENUE

1. Violating the Petitioner's Eighth and Fourteenth Amendment rights to reasonable bail and equal protection.
2. County or Counties meaning the 32nd Judicial Circuit and/or the Cullman County Circuit Clerk and/or the Magistrate of the Circuit Court and/or any Judge named in this Complaint; individually or in combination.

2. This is a civil rights action arising under 42 U.S.C. section 1983 and 28 U.S.C. section 2201, et. seq., and the Eighth and Fourteenth Amendments to the United States Constitution of America (U.S.C.A.). This Court has jurisdiction pursuant to 28 U.S.C. section 1331 and 1343.

3. Venue in this Court is proper pursuant to 28 U.S.C. section 1391.

## PARTIES

4. Named Plaintiff Randall Parris is a bona fide resident of Cullman County, Ala., and, over the age of 19 years. He represents himself as an individual and represents a Class of similarly situated people all subject to the Counties wealth-based post-arrest detention scheme.

5. Plaintiff's Shawn Smelser, Gorman Max Culwell, Jr, Rose Meeks, Colin Scott, Nicholas Moody, Christy Burks, and Misti Anderson are resident citizens of Alabama who reside in the Northern District of Alabama. They represent themselves and represent a Class of all other similarly situated people subject to Cullman's wealth-based system.

6. Defendant, Martha Williams is a circuit court judge charged with over-seeing criminal cases in the (32nd Judicial) Circuit Court of Cullman County, AL.

7. Defendant, Lisa McSwain, is the duly elected Circuit Clerk of Cullman County who supervises and oversees the operation of Office of the Clerk.

8. Defendant, Alabama Administrative Office of the Court, (A.O.C.) oversees the administration of justice in Alabama; and, is responsible for the supervision and training of court personnel.

9. Randy Helms is the director of the A.O.C.

10. Joan White is a Magistrate in the Circuit Clerk's Office who sets bail in both misdemeanor and felony cases.

11. Amy Black is a Magistrate in the Circuit Clerk's Office who sets bail in both misdemeanor and felony cases.

12. Defendant, Cullman County, is a political subdivision of the State of Alabama which is governed by it's Commissioners: Defendants Kenneth Walker, Kerry Watson, and Garry Marchman.

13. Defendant, Cullman County Sheriff's Department, is an agency within

---

1. Violating the Petitioner's Eighth and Fourteenth Amendment rights to reasonable bail and equal protection.
2. County or Counties meaning the 32nd Judicial Circuit and/or the Cullman County Circuit Clerk and/or the Magistrate of the Circuit Court and/or any Judge named in this Complaint; individually or in combination.

Cullman County which is supervised and directly by the Cullman County Commission and Sheriff, Defendant, Matt Gentry.

## **FACTUAL BACKGROUND**

A. The Named Plaintiff's Arrest.

14. On January 18, 2017; Deputy/Investigator Terry Smith swore to and signed a Complaint against the Plaintiff, Randall Lee Parris, alleging the commission of three crimes; namely, Trafficking in Methamphetamine (a Class "A" felony), Possession of Drug Paraphernalia (a misdemeanor), and, Possession of Marijuana Second Degree (a misdemeanor).

15. Pursuant to Smith's Complaint, Magistrate Joan White issued a Warrant of Arrest setting bail at one million dollars ($1,000,000.00).

16. On January 19, 2017; Mr. Parris was arrested and taken to the Cullman County Detention Center (jail).

17. The next day, Magistrate Amy Black engaged in a "facetime" hearing with the Plaintiff over a computer monitoring system. Black read an Advice of Rights On Initial Appearance form to Mr. Parris which stated that he could be released upon the execution of a $1,000,000.00 appearance bond.

18. Mr. Parris is indigent. At the time of his arrest he was unemployed, had no bank account, was living in his mother's home, and had no assets (and no vehicle) exceeding the value of one hundred dollars ($100.00).

19. A petition for writ of habeas corpus was filed and assigned to Judge Martha Williams. Even though no evidence was adduced by the State to rebut the Defendant's indigency; the petition was DENIED and the Defendant's bail remained at one million dollars.[1]

20. None of Mr. Parris's friends or family had the financial means to purchase his release. Mr. Parris remains in jail.

21. If Mr. Parris and/or his family and friends could have posted bail, he would have been immediately released.

22. The treatment of the named Plaintiff and other Class members is caused by and is representative of the Counties[2] wealth-based post-arrest detention policies and practiced.

23. As a matter of practice and policy, when a person is arrested for a trafficking charge, deputies inform the arrestee at booking that they are

---

1. Violating the Petitioner's Eighth and Fourteenth Amendment rights to reasonable bail and equal protection.
2. County or Counties meaning the 32nd Judicial Circuit and/or the Cullman County Circuit Clerk and/or the Magistrate of the Circuit Court and/or any Judge named in this Complaint; individually or in combination.

> entitled to immediate release upon the posting of bail. Those unable to make bail remain in jail indefinitely.

24. The Counties bail system is not meant nor designed to insure the arrestees appearance in court, but rather, to insure that the accused is not released.

25. Neither the Magistrate nor the jailers ever deviate from the "bail schedule" which generically sets bail without any individualized consideration of the arrestees ability to pay.

26. The Counties wealthier arrestees are released immediately upon the posting of bail, while the indigent remain.

27. That the aforementioned policy of setting one million dollars bail has been used in every drug trafficking case for upwards 20 years without any consideration, whatsoever, of the arrestees prior record, affiliations, or financial circumstances.

28. That neither Cullman County nor the A.O.C. have adequately supervised of trained court personnel to comply with the strictures of the law and protections enumerated under the Bill of Rights. (Specifically the Eighth and Fourteenth Amendments, U.S.C.A.)

## CLASS ACTION ALLEGATIONS

29. The named Plaintiff brings this action on behalf of himself and all others similarly situated for the purpose of asserting the claims alleged in this Complaint on a common basis.

30. A class action is a superior means, and the only practicable means, by which the named Plaintiff and unknown Class members can challenge the Counties unlawful wealth-based detention scheme.

31. This action is brought and may properly be maintained to Rule 23 (a)(1)-(4) and Rule 23(b)(2) of the Federal Rules of Civil Procedure.

32. This action satisfies the numerosity, commonality, typicality, and adequacy requirements of those provisions. (Magistrate Joan White testified in a state proceeding that she has been setting one million dollars bonds on every drug trafficking case for upwards 20 years.

33. The Plaintiff propose one Class seeking declaratory and injunctive relief. The Declaratory and Injunctive Class is defined as: all arrestees unable to pay for their releases pursuant to Cullman Counties one million dollar bail

---

1. Violating the Petitioner's Eighth and Fourteenth Amendment rights to reasonable bail and equal protection.
2. County or Counties meaning the 32nd Judicial Circuit and/or the Cullman County Circuit Clerk and/or the Magistrate of the Circuit Court and/or any Judge named in this Complaint; individually or in combination.

policy in drug trafficking cases who are or will become in the custody of the County.

34. Plaintiff's Shawn Smelser, Gorman Max Culwell, Jr, Rose Meeks, Colin Scott, Nicholas Moody, Christy Burks, and Misti Anderson had bail initially set at $1,000,000.00 (one million dollars).

35. Plaintiffs bail was set without any regard, whatsoever, to constitutional law nor the prior precedent of the United States Supreme Court.

36. The Defendant Magistrates, Joan White and Amy Black, set bail at one million dollars ($1,000,000.00) in all drug trafficking and manufacturing first degree cases without any regard to the financial ability of the accused.

37. That the Defendant Magistrates set maximum bail in order to assure that the accused remain in jail.

38. That the Defendant Magistrates set bail in direct violation of the Eighth and Fourteenth Amendments (U.S.C.A.); and, the presumption of Innocence.

39. That the Defendant, Alabama Administrative Offices of the Court (A.O.C.) has directed all state magistrates to set bail within the "Bail Schedule" without any regard to the accused financial status/ability.

40. That the A.O.C. and it's director, Randy Helms, have implemented policies and procedures which violate the mandates of the Eighth Amendment, Fourteenth Amendment, and the Presumption of Innocence.

41. That the Defendants, within the judicial branch of Cullman County set bails without regard to whether the bail set insures the appearance of the accused for hearing or trial.

42. That the violations of prior court precedent; the Eighth and Fourteenth Amendments; and, the Presumption of Innocence are systematic and embedded in the Cullman judicial apparatus.

43. That the violations, herein alleged, are of a continuing nature.

44. That the judicial officers named herein, set CASH ONLY bail in cases knowing that this type of bail is a sham and illusory.

45. That the judicial officials and officers, herein named, set CASH ONLY bail to imprison citizens prior to trial in violation of prior precedent and constitutional protections.

---

1. Violating the Petitioner's Eighth and Fourteenth Amendment rights to reasonable bail and equal protection.
2. County or Counties meaning the 32nd Judicial Circuit and/or the Cullman County Circuit Clerk and/or the Magistrate of the Circuit Court and/or any Judge named in this Complaint; individually or in combination.

46. That the aforementioned judicial officers/officials regularly set CASH ONLY bail to insure the continued imprisonment of alleged offenders in violations of the Presumption of Innocence, Due Process of Law, the Eighth and Fourteenth Amendments and prior precedent as enunciated by the federal courts.

47. That the Plaintiff are/were denied DUE PROCESS OF LAW unable to self-investigate their cases and assist in their defense due to the unlawful and unconstitutional machinations and excessive bail set by the aforementioned.

48. That the A.O.C. has wholly failed to properly train, oversee and supervise the Courts and it's Court officials resulting in the deprivations referred to herein.

49. That the Defendant Sheriff, Clerk, Magistrates and Judge have conspired, combined and confederated to establish a system without regard to rights of the Plaintiffs; and, one which is politically expedient.

50. That the system of bail in Cullman County is the result of unconstitutional and reprehensible POLICIES to advance political interests and detain citizens prior to trial contrary to those constitutional rights enumerated above and herein.

### A. <u>NUMEROSITY- Fed. R. Civ. P. 23(a)(1)</u>

51. The number of drug trafficking arrests is unknown; however, Magistrate Joan White testified in a state proceeding that all persons charged with trafficking cases have received a one million dollar bond for the last twenty years.

52. Rich arrestees pay money and walk free immediately, while poor arrestees remain in jail indefinitely.

53. The number of current and future arrestees subject to this policy, if it is not enjoined, is well into the hundreds.

### B. <u>COMMONALITY- Fed. R. Civ. P. 23(a)(2)</u>

54. The relief sought is common to all members of the Class, and common questions of law and fact exist as to all members of the Class. The named Plaintiff seeks relief concerning whether the Counties policies, practice and procedures violate the rights of the Class members and relief mandating that the County and the Defendants change their policies,

---

1. Violating the Petitioner's Eighth and Fourteenth Amendment rights to reasonable bail and equal protection.
2. County or Counties meaning the 32nd Judicial Circuit and/or the Cullman County Circuit Clerk and/or the Magistrate of the Circuit Court and/or any Judge named in this Complaint; individually or in combination.

practices and procedures so that the constitutional rights of the Class members will be protected in the future.

55. These common legal and factual questions arise from one central scheme and set of policies and practices: the Counties wealth-based detention policy. The County operates this scheme openly and in materially the same manner every day. The material components of the scheme do not vary from Class member to Class member, and resolution of these legal and factual issues will determine whether all of the members of the class are entitled to the constitutional relief that they seek.

Among the most important, but not the only, common questions of fact are:

A. Whether the County has a policy and practice of using a fixed "bail schedule" to determine the amount of bail a person must pay to secure post-arrest release;
B. Whether the County has a policy and practice of setting a one million dollar bond in every drug trafficking case; and,
C. Whether the County inquires into the financial circumstance of arrestee when setting bail.

56. Among the most important common questions of law are:

A. Whether a fixed "bail schedule" setting standard amounts of bail violates the Fourteenth Amendment's Due Process and Equal Protection Clauses.
B. Whether the Counties action in detaining its poorest arrestees solely based on their inability to pay an arbitrary amount of money violates the Eighth Amendments admonition against excessive bail, and the Fourteenth Amendment's Due Process and Equal Protection Clauses.

### C. TYPICALITY- Fed. R. Civ. P. 23(a)(3)

57. The named Plaintiff's claims are typical of the claims of the other members of the Class, and he has the same interests in this case as all other members of the Class that he represents. Each of them suffers injuries from the failure of the County to comply with the basic constitutional provisions: they are confined in jail because they could not afford to pay the Counties fixed bail amount. The answer to whether the Counties scheme of policies and practices is unconstitutional will determine the claims of the named Plaintiff and every other Class member.

58. If the named Plaintiff succeeds in the claim that the Counties policies and practices concerning wealth-based detention violates his constitutional rights, that ruling will likewise benefit every other member of the Class.

---

1. Violating the Petitioner's Eighth and Fourteenth Amendment rights to reasonable bail and equal protection.
2. County or Counties meaning the 32nd Judicial Circuit and/or the Cullman County Circuit Clerk and/or the Magistrate of the Circuit Court and/or any Judge named in this Complaint; individually or in combination.

### D. ADEQUACY- Fed. R. Civ. P. 23(a)(4)

59. The named Plaintiff is an adequate representative of the Class because his interests in the vindication of the legal claims that he raises are entirely aligned with the interests of other Class members, who each have the same basic constitutional claims. He is a member of the Class, and his interests concide with, and are not antagonistic to, those of the other Class members.

60. There are no known conflicts of interests among members of the proposed Class, all of whom have a similar interest in vindicating their constitutional rights in the face of their unlawful treatment by their local government.

61. Plaintiff are represented by Thomas E. Drake, II who has extensive knowledge of both the details of the Counties scheme and the relevant constitutional and statutory law. Counsel's qualifications are more fully set forth in the accompanying Motion For Class Certification.

62. Plaintiff's counsel has devoted enormous time and resources to become intimately familiar with the Counties scheme and with all the relevant state and federal laws and procedures that can and should govern it. The interests of the members of the Class will be fairly and adequately protected by the Plaintiffs and their attorney.

### E. RULE 23(b)(2)

63. Class action status is appropriate because the County, through the policy, practices and procedures that make up its wealth-based detention scheme has acted in the same unconstitutional manner with respect to all class members. Cullman County has created and applied a simple scheme of wealth-based detention and release: by setting bail at one million dollars in every drug trafficking case allowing only for rich arrestees to obtain their release. The County releases those who can pay and detains those who cannot.

64. The Class therefore seeks declaratory and injunctive relief to restrain and enjoin the County from continuing in the future to detain impoverished arrestees who cannot afford excessive, one million dollar bonds. Because the putative Class challenges the Counties scheme as unconstitutional through declaratory and injunctive relief that would apply the same relief to every member of the Class, Rule 23(b)(2) certification is appropriate and necessary.

65. Injunctive relief compelling the County to comply with these constitutional rights will similarly protect each member of the Class from being subjected to the Counties unlawful policies and practices. A declaration and

---

1. Violating the Petitioner's Eighth and Fourteenth Amendment rights to reasonable bail and equal protection.
2. County or Counties meaning the 32nd Judicial Circuit and/or the Cullman County Circuit Clerk and/or the Magistrate of the Circuit Court and/or any Judge named in this Complaint; individually or in combination.

        injunction stating that the County cannot use a fixed cash or property "bail schedule" and policy that jails indigents arrestees but free arrestees with financial means would provide relief to every member of the Class. Therefore, declaratory and injunctive relief with respect to the Class as a whole is appropriate.

66. Plaintiff seeks the following relief and hereby demands a jury in this cause for all matters so appropriate.

## CLAIMS FOR RELIEF

67. Plaintiff incorporates by reference the allegations in paragraphs 1 through 43.

68. The Fourteenth Amendments Due Process and Equal Protection Clauses have long prohibited imprisoning a person because of the person's inability to make a monetary payment. Defendants violate Plaintiff's right by placing and keeping him in jail solely because he cannot afford to pay the amount of bail as set by the generic fixed "bail schedule" and policy used by the County.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff and the other Class members request that this Court issue the following relief.

    A.    A declaratory judgment that the Defendants violate the named Plaintiff's and Class member's constitutional rights by jailing them and keeping them in jail solely because they cannot pay a set amount of money to secure relief release after arrest;

    B.    An order and judgment preliminarily and permanently enjoining the Defendants from enforcing unconstitutional wealth-based detention policies and practices against the named Plaintiff and the Class of similarly situated people he represents;

    C.    A judgment individually compensating the individually named Plaintiff for the damages that he has suffered as a result of Defendant's unconstitutional and unlawful wealth-based detention scheme, including damages resulting from his confinement in jail; and,

    D.    An order and judgment granting reasonable attorney fees and costs pursuant to 42 U.S.C. section 1988, and any other relief this Court deems just and proper.

---

1. Violating the Petitioner's Eighth and Fourteenth Amendment rights to reasonable bail and equal protection.
2. County or Counties meaning the 32nd Judicial Circuit and/or the Cullman County Circuit Clerk and/or the Magistrate of the Circuit Court and/or any Judge named in this Complaint; individually or in combination.

RESPECTFULLY SUBMITTED,

**/s/Thomas E. Drake, II**
Thomas E. Drake II DRA 012
Attorney for Defendant
419 Second Avenue SW, Suite B
Cullman, AL 35056-0457
(256) 739-9445

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing Complaint upon the Attorney General of Alabama, Steve Marshall, via certified mail, return receipt requested.

This the 12th day of June, 2017.

**/s/Thomas E. Drake, II**
Thomas E. Drake, II


RESPECTFULLY SUBMITTED,

**/s/Thomas E. Drake, II**
Thomas E. Drake II DRA 012
Attorney for Defendant
419 Second Avenue SW, Suite B
Cullman, AL 35056-0457
(256) 739-9445

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing Complaint upon all parties via CM/ECF electronic filing.

This the 15th day of June, 2017.

**/s/Thomas E. Drake, II**
Thomas E. Drake, II

---

1. Violating the Petitioner's Eighth and Fourteenth Amendment rights to reasonable bail and equal protection.
2. County or Counties meaning the 32nd Judicial Circuit and/or the Cullman County Circuit Clerk and/or the Magistrate of the Circuit Court and/or any Judge named in this Complaint; individually or in combination.