# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **RAY CHARLES SCHULTZ, et al,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No. 5:17-cv-270-MHH |
| ) | |
| **STATE OF ALABAMA, et al,** ) | |
| ) | |
| **Defendants.** ) | |
| | |
| **RANDALL PARRIS, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | |
| **JUDGE MARTHA WILLIAMS,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## SHERIFF MATT GENTRY'S ANSWER TO AMENDED COMPLAINT

COMES NOW Cullman County Sheriff Matt Gentry, in his individual and official capacities, and hereby respectfully files this Answer to the Amended Complaint filed by Plaintiffs Schultz et al., (Doc. 14), as follows:

1) Because no factual averments are made in this paragraph, no answer from Sheriff Gentry appears to be necessary. To the extent that an answer may be necessary, Sheriff Gentry denies any and all liability.

2) Because no factual averments are made in this paragraph, no answer from Sheriff Gentry appears to be necessary. To the extent that an answer may be necessary, Sheriff Gentry denies any and all liability.

3) Sheriff Gentry admits that Barry Matson is the executive director of the Office of Prosecution Services for the State of Alabama; that Randy Helms is the Administrative Director of the Alabama Administrative Office of Courts; that he is the Sheriff of Cullman County, Alabama, and that Steven Marshall is the Attorney General of the State of Alabama. All other averments in this paragraph are denied.

4) Denied.

5) Sheriff Gentry hereby incorporates by reference his response to the proceeding paragraphs as if fully set out herein.

6) Because no factual averments are made in this paragraph, no answer from Sheriff Gentry appears to be necessary. To the extent that an answer may be necessary, Sheriff Gentry denies any and all liability.

7) Because no factual averments are made in this paragraph, no answer from Sheriff Gentry appears to be necessary. To the extent that an answer may be necessary, Sheriff Gentry denies any and all liability.

**INTRODUCTION**

1) Deny.

2) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' averments of indigency. Sheriff Gentry admits that Plaintiff Schultz is still incarcerated. All other averments in this paragraph are denied.

3) Admit.

4) Deny.

5) Admit.

6) Sheriff Gentry admits that Barry Matson is the Executive Director of Office of Prosecution Services for the State of Alabama, located in Montgomery, Alabama. Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of these averments.

7) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of these averments.

8) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of these averments.

9) Deny.

10) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of these averments.

11) Deny.

12) Deny.

13) Deny.

14) Deny.

15) Deny.

16) Deny.

17) Deny.

18) Ala. Code § 15-13-111 speaks for itself.

19) Rule 7 of the Alabama Rules of Criminal Procedure speaks for itself.

20) The Alabama Constitution of 1901 speaks for itself.

21) The United States Constitution speaks for itself.

22) The Alabama Code speaks for itself.

## **PARTIES**

23) Sheriff Gentry admits that Ray Schultz is being detained in the Cullman County Detention Center.  All other averments in this paragraph are denied.

24) Deny.

25) Deny.

26) Deny.

27) Admit.

28) Admit.

29) Admit.

30) Admit.

31) Admit.

32) Deny.

## JURISDICTION AND VENUE

33) Sheriff Gentry admits that Plaintiffs are seeking relief pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 2201, and the Eighth and Fourteenth Amendments to the United States Constitution, but deny that Plaintiffs are entitled to any relief. Sheriff Gentry specifically denies that this Court has jurisdiction over him in this action.

34) Because no factual averments are made in this paragraph, no answer from Sheriff Gentry appears to be necessary. To the extent that an answer may be necessary, Sheriff Gentry denies any and all liability.

35) Sheriff Gentry admits that venue is proper in general but denies that this Court has jurisdiction over him in this action.

## STATEMENT OF FACTS

36) Sheriff Gentry admits that Ray Schultz has been incarcerated since December 6, 2016. All other averments in this paragraph are denied.

37) Sheriff Gentry admits that Ray Schultz filed a Petition for Writ of Habeas Corpus in the Circuit Court of Cullman County, Alabama, which was denied. All other averments in this paragraph are denied.

38) Deny.

39) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

40) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

41) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

42) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

43) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

44) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

45) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

46) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

47) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

48) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

49) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

50) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

51) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

52) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

53) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

54) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

55) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

56) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

57) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

58) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

59) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

60) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

61) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

62) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

63) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

64) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

65) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

66) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

67) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

68) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

69) Sheriff Gentry is without sufficient knowledge or information to form a belief as to the truth of this averment.

70) The Alabama Constitution speaks for itself.

71) The United States Constitution speaks for itself.

72) The cited case speaks for itself. To the extent that this averment implies any liability, said allegation is denied.

73) The cited case speaks for itself. To the extent that the additional text in this averment implies any liability, said allegation is denied.

74) The cited case speaks for itself. To the extent that the additional text in this averment implies any liability, said allegation is denied.

75) The Alabama Rules of Criminal Procedure speaks for itself.

76) The cited cases speak for themselves. To the extent that the additional text in this averment implies any liability, said allegation is denied.

## ARGUMENT

77) Deny.

78) Deny.

79) Deny.

80) Deny.

81) Deny.

82) Deny.

83) Deny.

84) Deny.

85) Deny.

86) Deny.

## CLASS ACTION ALLEGATIONS

87) Deny.

88) Deny.

89) Deny.

90) Deny.

91) Deny.

92) Deny.

93) Deny.

94) Deny.

95) Deny.

96) Deny.

97) Deny.

98) Deny.

99) Deny.

100) Deny.

101) Deny.

102) Deny.

103) Deny.

104) Deny.

105) Deny.

106) Deny.

107) Deny.

108) Deny.

109) Deny.

110) Deny.

111) Deny.

112) Deny.

113) Deny.

114) Deny.

115) Deny.

116) Deny.

117) Deny.

118) Deny.

119) Deny.

120) Deny.

## CLAIM FOR DECLARATORY RELIEF

121) Sheriff Gentry adopts and incorporates by reference his response to all previous allegations contained in paragraphs 1 through 106 as if fully set out herein.

122) Deny.

123) Deny.

124) Deny.

125) Deny.

## REQUEST FOR DECLARATORY RELIEF

126) Sheriff Gentry denies that Plaintiffs are entitled to any relief whatsoever.

## COMPLAINT FOR PRELIMINARY AND FINAL INJUNCTION

127) Sheriff Gentry adopts and incorporates by reference his answers to paragraphs 1 through 111 as if fully set out herein.

128) Deny.

129) Deny.

130) Deny.

131) Deny.

132) Deny.

133) Deny.

134) Deny.

135) Deny.

136) Deny.

137) Deny.

138) Deny.

139) Deny.

## REQUEST FOR INJUNCTIVE RELIEF

140) Sheriff Gentry denies that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1) Plaintiffs' Complaint fails to state a claim for which relief may be granted.

2) This Court lacks subject matter jurisdiction over all claims against Sheriff Gentry.

3) Plaintiffs lack standing to bring any claim based on post-conviction bail or bond.

4) Plaintiffs D. Beebe, T. Beebe, and J. Sterling lack standing in this action and all claims brought by them are moot.

5) Sheriff Gentry is entitled to absolute immunity from all claims.

6) Sheriff Gentry is entitled to qualified immunity from all claims in his individual capacity.

7) This Court should abstain from taking jurisdiction over this case.

8) Plaintiffs have failed to join necessary parties in this case.

Respectfully submitted this the 22nd day of June, 2017.

                              **s/Jamie H. Kidd**
                              JAMIE H. KIDD (ASB-7661-M76H)
                              WEBB & ELEY, P.C.
                              7475 Halcyon Pointe Dr. (36117)
                              P.O. Box 240909
                              Montgomery, AL 36124
                              (334) 262-1850 - T
                              (334) 262-1772 - F
                              jkidd@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 22nd day of June, 2017, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and have provided a copy by First Class U.S. Mail, properly addressed and postage prepaid to the following:

| | |
|---|---|
| J. Melvin Hasting<br>Law Office of Melvin Hasting, LLC.<br>P.O. Box 517<br>Cullman, AL 35058<br>(256) 736-2230 – T<br>(256) 775-0223 – F<br>mhasting@hiwaay.net<br>*Attorney for Plaintiffs Ray Charles Schultz, Davon Treshawn Beebe, Tyrone Daishawn Beebe, and James Hugo Sterling* | Thomas E. Drake, II.<br>The Drake Law Firm<br>419 Second Avenue SW, Suite B<br>Cullman, AL 35055<br>(256) 739-9445 – T<br>(256) 734-7121 – F<br>tomdrake@bellsouth.net<br>*Attorney for Plaintiff Randall Lee Parris* |

| | |
|---|---|
| James W. Davis<br>Laura E. Howell<br>Office of the Attorney General<br>501 Washington Avenue<br>P.O. Box 300152<br>Montgomery, AL 36130<br>(334) 242-7300 – T<br>(334) 353-8440 – F<br>jimdavis@ago.state.al.us<br>lhowell@ago.state.al.us<br>*Attorneys for Defendants the State of Alabama* | Hon. Martha Williams<br>Cullman County Courthouse<br>500 2nd Avenue SW<br>Cullman, AL 35055<br>*Intervenor Defendant* |
| Hon. Joan White<br>Cullman County Courthouse<br>500 2nd Avenue SW<br>Cullman, AL 35055<br>*Intervenor Defendant* | Hon. Amy Black<br>Cullman County Courthouse<br>500 2nd Avenue SW<br>Cullman, AL 35055<br>*Intervenor Defendant* |
| Lisa McSwain<br>Cullman County Courthouse<br>500 2nd Avenue SW<br>Cullman, AL 35055<br>*Intervenor Defendant* | Alabama Administrative Office of the Courts<br>300 Dexter Avenue<br>Montgomery, AL 36104<br>*Intervenor Defendant* |
| Randy Helms<br>300 Dexter Avenue<br>Montgomery, AL 36104<br>*Intervenor Defendant* | |

                                                                **s/Jamie H. Kidd**
                                                                OF COUNSEL