FILED
2017 Jun-30 PM 03:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| RANDALL PARRIS, ON BEHALF OF HIMSELF AND A CLASS OF SIMILARLY SITUATED INDIVIDUALS, </br></br>  PLAINTIFFS, </br></br> VS. </br></br> JUDGE MARTHA WILLIAMS, IN HER OFFICIAL CAPACITY AS A CIRCUIT COURT JUDGE FOR THE 32ND JUDICIAL CIRCUIT STATE OF ALABAMA; (NON-MONETARY; DECLARATORY JUDGMENT ONLY), JOAN WHITE, IN HER OFFICIAL CAPACITY AS A MAGISTRATE; AMY BLACK, IN HER OFFICIAL CAPACITY AS A MAGISTRATE; AND LISA MCSWAIN, IN HER OFFICIAL CAPACITY AS THE CIRCUIT CLERK OF CULLMAN COUNTY, CULLMAN COUNTY COMMISSION, KENNETH WALKER, KERRY WATSON, AND GARRY MARCHMAN; CULLMAN COUNTY SHERIFF'S OFFICE; SHERIFF MATT GENTRY, ALABAMA ADMINISTRATIVE OFFICE OF THE COURT (A.O.C.), RANDY HELMS, IN HIS OFFICIAL CAPACITY AS THE DIRECTOR OF THE ALABAMA ADMINISTRATIVE OFFICE OF THE COURT, </br></br>  DEFENDANTS. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) CASE NO.:  5:17-CV-000270-MHH </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

## SECOND AMENDED COMPLAINT

COMES NOW the Plaintiffs, by and through his attorney of record, Thomas E. Drake, II; and, pursuant to Rule 15, F.R.C.P., amends his Complaint heretofore filed as follows:

A.  By deleting the names Shawn Smelser, Colin Scott, Christy Burks, and Nicholas Moody from the Complaint wherever they appear.

B.  By adding as party plaintiffs, the names Terry Lelan Turney, Jonathan Stark, Kristi Burks and Kyron Yarbrough.

C.  By deleting provision numbered 5. In its entirety and inserting in lieu thereof, the following:

   5.  Plaintiffs Gorman Max Culwell, Jr., Rose Meeks, Misti Anderson, Terry Lelan Turney, Jonathan Stark, Kristi Burks and Kyron Yarbrough all reside within the Northern District of Alabama. They represent themselves and a Class of all other similarly situated people subject to Cullman's wealth-based system.

D.  By deleting provision numbered 33. In its entirety, and inserting in lieu thereof, the following:

   34.  Plaintiffs Jonathan Stark and Kristi Burks both had, upon arrest, bail set at one million dollars ($1,000,000.00).

E.  By adding other allegations requiring re-numbering all provisions subsequent to provision number 4., as follows:

Plaintiff, Terry Leland Turney

Terry Lelan Turney was arrested on June 6, 2013 and charged with Criminal Mischief First Degree, Menacing (misdemeanor), Shooting A Gun Into An Occupied Dwelling, and Reckless Endangerment (misdemeanor). Based upon a motion to reduce bail filed by Turney's Court Appointed attorney, Chad Floyd, filed on July 22, 2013; his client's bail was set at $43,000.00. The next day, Turney's bail was "reduced" to $5,300.00 cash-only.

On October 2, 2013, Turney was indicted and charged with two additional Counts of Attempted Murder. Judge Martha Williams set Turney's bail at $75,000.00 CASH. Turney's efforts to convert his cash to property bail were denied.

After a jury had been sworn and impanelled on May 12, 2014; the State moved for a mistrial which was granted. Pursuant to a motion by Turney's counsel, Judge William's reduced and converted his bail from cash to property. Turney was released after having spent upwards eleven months in jail.

On February 10, 2015; Turney plead guilty to one count of shooting into an occupied dwelling and granted PROBATION. All other counts were <u>dismissed</u>.

### Plaintiff, Rose Meeks

Rose Meeks was arrested and charged with Trafficking in Methamphetamine on July 24, 2014. Her bail was set by a Magistrate at one million dollars. After her release, Meeks made appearances in the district court of Cullman County for upwards three (3) years until she entered a plea of guilty to the amended charge of possession of drug paraphernalia (a misdemeanor)[1] on June 26, 2017.

### Plaintiff, Gorman Max Culwell, Jr.

Gorman Max Culwell, Jr. was arrested for Unlawful Manufacturing 1st Degree on August 6 6, 2013. His bail was set by a Magistrate at one million dollars. Pursuant to a joint motion signed by counsel for the state and defense, Mr. Culwell's bail was reduced to $50,000.00 and he was released.

After attending the district court for almost two (2) years, Mr. Culwell was indicted on July 8, 2015. He plead guilty to the crime of possession of drug paraphernalia (a misdemeanor) on September 4, 2015 and was granted unsupervised probation.

### Plaintiff, Jonathan Stark

Jonathan Stark was arrested and charged with the crime of Trafficking in Marijuana on January 24, 2012. His bail was set by a magistrate at one million dollars. After a reduction of bail per agreement of counsels for the state and defense, Stark was released on February 1, 2012.

After making numerous appearances, for purposed of which are unknown, in the district court of Cullman County; Stark was indicted on April 20, 2016.[2]

On November 14, 2016; Stark plead guilty to the crime of possession of drug paraphernalia (a misdemeanor) and granted unsupervised probation.

### Plaintiff, Misti Anderson

Misti Anderson was arrested and charged with the crime of Unlawful Manufacturing of a Controlled Substance on November 29, 2012. Her bail was set by a Magistrate at one million dollars. After making appearances in the district court of Cullman County for over two (2) years, her case was dismissed on April 7, 2015 after successfully completing "drug court".

### Plaintiff, Kyron Yarbrough

Kyron Yarbrough was charged with the crime of making a terrorist threat and incarcerated in jail on October 30, 2015. His bail was set by Magistrate Joan White at $30,000.00 cash-only.[3]

Regardless, a local farmer saw fit to post bail for Mr. Yarbrough who's case was ultimately settled for three (3) years supervised, and two years unsupervised, PROBATION.

### Plaintiff, Kristi Burks

Kristi Lynn Burks was arrested on September 7, 2008 and charged with the crimes of Unlawful Manufacture of a Controlled Substance. Magistrate Joan White set her bail at one million dollars ($1,000,000.00).

On October 8, 2008; Burks signed an Affidavit of Substantial Hardship which noted she owned no worldly possessions with zero income. The jail filed her Affidavit on October 16, 2008; over 30 days after arrest. Burks was assigned a court appointed attorney. Burks wrote the District Court Judge a letter filed on November 7, 2008 explaining that she had been drug free for over 3 years and had volunteered to take a drug test upon entering the jail, which was ignored. Continuing, Burks explained to the Judge that she needed her bond lowered so she could care for her three (3) children; all of whom were under the care of area mental health. (Letter is attached and incorporated herein).

No hearing was either held or convened pursuant to Mrs. Burks letter. In fact, during the eight (8) months she was incarcerated, at no point was she taken before a judge. That is until May 19, 2009 when she plead guilty and was sentenced to 15 years in the state penitentiary. ( A jail record notes that Burks had served 253 days in the Cullman jail on the date of her plea.).

### Plaintiff, Joshua Ryan Shelton

       Joshua Shelton was arrested on January 19, 2912 and charged with the crime of trafficking in marijuana. His bail was set by a Magistrate at one million dollars ($1,000,000.00). The State moved to dismiss his case on July 10, 2013. An Order adopting that request was entered the same day.

6. All of the Plaintiffs, absent those who were deemed indigent, paid substantial attorney fees in defending their cases and lost significant time from work.

50. That the A.O.C. has adopted rules and promoted policies which violate the Fifth, Sixth, Eighth and Fourteenth Amendments (U.S.C.A.).

51. That the A.O.C. has adopted policies and promulgated rules which violate the Due Process Clause; the Plaintiffs right to a Speedy and Public Trial; promote excessive bail and equal protection under the law.

52. That the Plaintiffs, individually and collectively, have failed to observe and protect the named Plaintiff's and Class members right to Due Process of Law, a Speedy and Public Trial; the right to non-excessive bail and Equal Protection under the law.

53. That the practice of the Defendants setting and upholding fixed bail, even in non-indigent cases, violates the Presumption of Innocence. (<u>Coffin v. United States</u>, 156 U.S. 432 (1895)).

54. That the Defendants, individually and collectively, have violated the presumption of innocence, due process of law, the Eighth Amendment, and the Fourteenth Amendment by ignoring the foregoing amendments and constitutional principle by rigorously adhering to the system aluded to above.

F. And now, after the foregoing amendments; the Plaintiffs Complaint will henceforth be read as follows:

\*      \*      \*      \*      \*      \*      \*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| RANDALL PARRIS, GORMAN MAX CULWELL, JR., ROSE MEEKS, TERRY LELAN TURNEY, KYRON YARBROUGH, JONATHAN STARK, KRISTI BURKS, JOSHUA RYAN SHELTON, AND MISTI ANDERSON, ON BEHALF OF THEMSELVES AND A CLASS OF SIMILARLY SITUATED INDIVIDUALS, | ) ) ) ) ) ) ) ) ) | |
| PLAINTIFFS, | ) | |
| VS. | ) | CASE NO.:   5:15-CV-00270-MHH |
| JUDGE MARTHA WILLIAMS, IN HER OFFICIAL CAPACITY AS A CIRCUIT COURT JUDGE FOR THE 32ND JUDICIAL CIRCUIT STATE OF ALABAMA; (NON-MONETARY; DECLARATORY JUDGMENT ONLY), JOAN WHITE, IN HER OFFICIAL CAPACITY AS A MAGISTRATE; AMY BLACK, IN HER OFFICIAL CAPACITY AS A MAGISTRATE; AND LISA MCSWAIN, IN HER OFFICIAL CAPACITY AS THE CIRCUIT CLERK OF CULLMAN COUNTY, CULLMAN COUNTY COMMISSION, KENNETH WALKER, KERRY WATSON, AND GARRY MARCHMAN; CULLMAN COUNTY SHERIFF'S OFFICE; SHERIFF MATT GENTRY, ALABAMA ADMINISTRATIVE OFFICE OF THE COURT (A.O.C.), RANDY HELMS, IN HIS OFFICIAL CAPACITY AS THE DIRECTOR OF THE ALABAMA ADMINISTRATIVE OFFICE OF THE COURT, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| DEFENDANTS. | | |

## **CLASS ACTION COMPLAINT**

## **INTRODUCTION**

This case is about the 32nd Judicial Systems post-arrest detention scheme to imprison some of Cullman Counties poorest residents without the benefit of reasonable bail. The Plaintiff, through undersigned counsel, and a class of all persons who are or will be incarcerated in the Cullman County Detention facility and who have been determined to be eligible for release, pursuant to Alabama law, are detained solely because they cannot afford to post the required amount of bail.

In Cullman County, arrestees face two possible outcomes depending on their wealth status. Wealthy arrestees purchase their freedom by paying an arbitrary amount set by a magistrate relying upon a bail schedule and a policy adopted by the office of the Clerk. Poor arrestees simply remain stuck behind bars because they cannot afford to pay the Clerk/Magistrates pre-determined sum of one million dollars ($1,000,000.00), set in every drug trafficking case. If a person is charged with more than one offense, the fixed amount for each offense is added together to determine the total amount of bail required for release. Those arrestees who are too poor to afford to pay excessive bail remain in jail because of their poverty. In Defendant's wealth based detention scheme, the sole criteria determining whether a pretrial arrestee walks free or sits in jail is the amount of money he or she has.

On behalf of the many other arrestees subject to the Counties unlawful and ongoing wealth-based detention scheme, the Plaintiff in this cause challenges the use of an unlawful generic "bail schedule" (one size fits all) that operates to detain poor arrestees while letting rich arrestees free. In addition, Plaintiff and those similarly affected complain that the Defendants policy to set (or uphold) bail at one million dollars in every drug trafficking case has no place in a system that promises equal justice under the law, and violates the Due Process and Equal Protection Clauses of the Constitution.

By and through his attorney and on behalf of himself and all others similarly situated, the named Plaintiff seeks in this civil action the vindication of his fundamental rights, injunctive relief assuring that his rights and the rights of other class members will not continue to be violated, compensatory damages for the injuries suffered, attorney fees, and a declaration that the Counties wealth-based detention practices are unlawful.

## **NATURE OF THE ACTION**

1. It is the standard policy and practice of the Cullman County judicial system to refuse to release arrestees from jail unless they pay a generic and arbitrary "bond" amount. In all drug trafficking cases, bail is set at one million dollars ($1,000,000.00). Since this sum is set generically by reference to the alleged offense of arrest, no individualized factors are considered, and anyone who cannot afford to pay is held in jail. Plaintiff seeks declaratory, injunctive and compensatory relief.

## JURISDICTION AND VENUE

2. This is a civil rights action arising under 42 U.S.C. section 1983 and 28 U.S.C. section 2201, et. seq., and the Eighth and Fourteenth Amendments to the United States Constitution of America (U.S.C.A.). This Court has jurisdiction pursuant to 28 U.S.C. section 1331 and 1343.

3. Venue in this Court is proper pursuant to 28 U.S.C. section 1391.

## PARTIES

4. Named Plaintiff Randall Parris is a bona fide resident of Cullman County, Ala., and, over the age of 19 years. He represents himself as an individual and represents a Class of similarly situated people all subject to the Counties wealth-based post-arrest detention scheme.

5. Plaintiffs Gorman Max Culwell, Jr., Rose Meeks, Misti Anderson, Terry Lelan Turney, Jonathan Stark, Kristi Burks and Kyron Yarbrough all reside within the Northern District of Alabama. They represent themselves and a Class of all other similarily situated people subject to Cullman's wealth-based system.

### Plaintiff, Terry Leland Turney

Terry Lelan Turney was arrested on June 6, 2013 and charged with Criminal Mischief First Degree, Menacing (misdemeanor), Shooting A Gun Into An Occupied Dwelling, and Reckless Endangerment (misdemeanor). Based upon a motion to reduce bail filed by Turney's Court Appointed attorney, Chad Floyd, filed on July 22, 2013; his client's bail was set at $43,000.00. The next day, Turney's bail was "reduced" to $5,300.00 cash-only.

On October 2, 2013, Turney was indicted and charged with two additional Counts of Attempted Murder. Judge Martha Williams set Turney's bail at $75,000.00 CASH. Turney's efforts to convert his cash to property bail were denied.

After a jury had been sworn and impanelled on May 12, 2014; the State moved for a mistrial which was granted. Pursuant to a motion by Turney's counsel, Judge William's reduced and converted his bail from cash to property. Turney was released after having spent upwards eleven months in jail.

On February 10, 2015; Turney plead guilty to one count of shooting into an occupied dwelling and granted PROBATION. All other counts were dismissed.

### **Plaintiff, Rose Meeks**

Rose Meeks was arrested and charged with Trafficking in Methamphetamine on July 24, 2014. Her bail was set by a Magistrate at one million dollars. After her release, Meeks made appearances in the district court of Cullman County for upwards three (3) years until she entered a plea of guilty to the amended charge of possession of drug paraphernalia (a misdemeanor)[1] on June 26, 2017.

### **Plaintiff, Gorman Max Culwell, Jr.**

Gorman Max Culwell, Jr. was arrested for Unlawful Manufacturing 1st Degree on August 6 6, 2013. His bail was set by a Magistrate at one million dollars. Pursuant to a joint motion signed by counsel for the state and defense, Mr. Culwell's bail was reduced to $50,000.00 and he was released.

After attending the district court for almost two (2) years, Mr. Culwell was indicted on July 8, 2015. He plead guilty to the crime of possession of drug paraphernalia (a misdemeanor) on September 4, 2015 and was granted unsupervised probation.

### **Plaintiff, Jonathan Stark**

Jonathan Stark was arrested and charged with the crime of Trafficking in Marijuana on January 24, 2012. His bail was set by a magistrate at one million dollars. After a reduction of bail per agreement of counsels for the state and defense, Stark was released on February 1, 2012.

After making numerous appearances, for purposed of which are unknown, in the district court of Cullman County; Stark was indicted on April 20, 2016.[2]

On November 14, 2016; Stark plead guilty to the crime of possession of drug paraphernalia (a misdemeanor) and granted unsupervised probation.

### **Plaintiff, Misti Anderson**

Misti Anderson was arrested and charged with the crime of Unlawful Manufacturing of a Controlled Substance on November 29, 2012. Her bail was set by a Magistrate at one million dollars. After making appearances in the district court of Cullman County for over two (2) years, her case was dismissed on April 7, 2015 after successfully completing "drug court".

### **Plaintiff, Kyron Yarbrough**

Kyron Yarbrough was charged with the crime of making a terrorist threat and incarcerated in jail on October 30, 2015. His bail was set by Magistrate Joan White at $30,000.00 cash-only.³

Regardless, a local farmer saw fit to post bail for Mr. Yarbrough who's case was untimely settled for three (3) years supervised, and two years unsupervised, PROBATION.

### **Plaintiff, Kristi Burks**

Kristi Lynn Burks was arrested on September 7, 2008 and charged with the crimes of Unlawful Manufacture of a Controlled Substance. Magistrate Joan White set her bail at one million dollars ($1,000,000.00).

On October 8, 2008; Burks signed an Affidavit of Substantial Hardship which noted she owned no wordly possessions with zero income. The jail filed her Affidavit on October 16, 2008; over 30 days after arrest. Burks was assigned a court appointed attorney. Burks wrote the District Court Judge a letter filed on November 7, 2008 explaining that she had been drug free for over 3 years and had volunteered to take a drug test upon entering the jail, which was ignored. Continuing, Burks explained to the Judge that she needed her bond lowered so she could care for her three (3) children; all of whom were under the care of area mental health. (Letter is attached and incorporated herein).

No hearing was either held or convened pursuant to Mrs. Burks letter. In fact, during the eight (8) months she was incarcerated, at no point was she taken before a judge. That is until May 19, 2009 when she plead guilty and was sentenced to 15 years in the state penitentiary. ( A jail record notes that Burks had served 253 days in the Cullman jail on the date of her plea.).

### **Plaintiff, Joshua Ryan Shelton**

Joshua Shelton was arrested on January 19, 2912 and charged with the crime of trafficking in marijuana. His bail was set by a Magistrate at one million dollars ($1,000,000.00). The State moved to dismiss his case on July 10, 2013. An Order adopting that request was entered the same day.

\*		\*		\*		\*		\*		\*		\*

6. All of the Plaintiffs, absent those who were deemed indigent, paid substantial attorney fees in defending their cases and lost significant time from work.

7. Defendant, Martha Williams is a circuit court judge charged with over-seeing criminal cases in the (32nd Judicial) Circuit Court of Cullman County, AL.

8. Defendant, Lisa McSwain, is the duly elected Circuit Clerk of Cullman County who supervises and oversees the operation of Office of the Clerk.

9. Defendant, Alabama Administrative Office of the Court, (A.O.C.) oversees the administration of justice in Alabama; and, is responsible for the supervision and training of court personnel.

10. Randy Helms is the director of the A.O.C.

11. Joan White is a Magistrate in the Circuit Clerk's Office who sets bail in both misdemeanor and felony cases.

12. Amy Black is a Magistrate in the Circuit Clerk's Office who sets bail in both misdemeanor and felony cases.

13. Defendant, Cullman County, is a political subdivision of the State of Alabama which is governed by it's Commissioners: Defendants Kenneth Walker, Kerry Watson, and Garry Marchman.

14. Defendant, Cullman County Sheriff's Department, is an agency within Cullman County which is supervised and directly by the Cullman County Commission and Sheriff, Defendant, Matt Gentry.

## FACTUAL BACKGROUND

A. The Named Plaintiff's Arrest.

15. On January 18, 2017; Deputy/Investigator Terry Smith swore to and signed a Complaint against the Plaintiff, Randall Lee Parris, alleging the commission of three crimes; namely, Trafficking in Methamphetamine (a Class "A" felony), Possession of Drug Paraphernalia (a misdemeanor), and, Possession of Marijuana Second Degree (a misdemeanor).

16. Pursuant to Smith's Complaint, Magistrate Joan White issued a Warrant of Arrest setting bail at one million dollars ($1,000,000.00).

17. On January 19, 2017; Mr. Parris was arrested and taken to the Cullman County Detention Center (jail).

18. The next day, Magistrate Amy Black engaged in a "facetime" hearing with the Plaintiff over a computer monitoring system. Black read an Advice of Rights On Initial Appearance form to Mr. Parris which stated that he could be released upon the execution of a $1,000,000.00 appearance bond.

19. Mr. Parris is indigent. At the time of his arrest he was unemployed, had no bank account, was living in his mother's home, and had no assets (and no vehicle) exceeding the value of one hundred dollars ($100.00).

20. A petition for writ of habeas corpus was filed and assigned to Judge Martha Williams. Even though no evidence was adduced by the State to rebut the Defendant's indigency; the petition was DENIED and the Defendant's bail remained at one million dollars[4].

21. None of Mr. Parris's friends or family had the financial means to purchase his release. Mr. Parris remains in jail.

22. If Mr. Parris and/or his family and friends could have posted bail, he would have been immediately released.

23. Other named Defendant's adopt herein their facts noted in the PARTY portion of this Complaint.

24. The treatment of the named Plaintiff and other Class members is caused by and is representative of the Counties[5] wealth-based post-arrest detention policies and practiced.

25. As a matter of practice and policy, when a person is arrested for a trafficking charge, deputies inform the arrestee at booking that they are entitled to immediate release upon the posting of bail. Those unable to make bail remain in jail indefinitely.

26. The Counties bail system is not meant nor designed to insure the arrestees appearance in court, but rather, to insure that the accused is not released.

27. Neither the Magistrate nor the jailers ever deviate from the "bail schedule" which generically sets bail without any individualized consideration of the arrestees ability to pay.

28. The Counties wealthier arrestees are released immediately upon the posting of bail, while the indigent remain.

29. That the aforementioned policy of setting one million dollars bail has been used in every drug trafficking case for upwards 20 years without any

consideration, whatsoever, of the arrestees prior record, affiliations, or financial circumstances.

30. That neither Cullman County nor the A.O.C. have adequately supervised of trained court personnel to comply with the strictures of the law and protections enumerated under the Bill of Rights. (Specifically the Eighth and Fourteenth Amendments, U.S.C.A.)

## CLASS ACTION ALLEGATIONS

31. The named Plaintiff brings this action on behalf of himself and all others similarly situated for the purpose of asserting the claims alleged in this Complaint on a common basis.

32. A class action is a superior means, and the only practicable means, by which the named Plaintiff and unknown Class members can challenge the Counties unlawful wealth-based detention scheme.

33. This action is brought and may properly be maintained to Rule 23 (a)(1)-(4) and Rule 23(b)(2) of the Federal Rules of Civil Procedure.

34. This action satisfies the numerosity, commonality, typicality, and adequacy requirements of those provisions. (Magistrate Joan White testified in a state proceeding that she has been setting one million dollars bonds on every drug trafficking case for upwards 20 years.

35. The Plaintiff propose one Class seeking declaratory and injunctive relief. The Declaratory and Injunctive Class is defined as: all arrestees unable to pay for their releases pursuant to Cullman Counties one million dollar bail policy in drug trafficking cases who are or will become in the custody of the County.

36. Plaintiff's Shawn Smelser, Gorman Max Culwell, Jr, Rose Meeks, Colin Scott, Nicholas Moody, Christy Burks, and Misti Anderson had bail initially set at $1,000,000.00 (one million dollars).

37. Plaintiffs bail was set without any regard, whatsoever, to constitutional law nor the prior precedent of the United States Supreme Court.

38. The Defendant Magistrates, Joan White and Amy Black, set bail at one million dollars ($1,000,000.00) in all drug trafficking and manufacturing first degree cases without any regard to the financial ability of the accused.

39. That the Defendant Magistrates set maximum bail in order to assure that the accused remain in jail.

40. That the Defendant Magistrates set bail in direct violation of the Eighth and Fourteenth Amendments (U.S.C.A.); and, the presumption of Innocence.

41. That the Defendant, Alabama Administrative Offices of the Court (A.O.C.) has directed all state magistrates to set bail within the "Bail Schedule" without any regard to the accused financial status/ability.

42. That the A.O.C. and it's director, Randy Helms, have implemented policies and procedures which violate the mandates of the Eighth Amendment, Fourteenth Amendment, and the Presumption of Innocence.

43. That the Defendants, within the judicial branch of Cullman County set bails without regard to whether the bail set insures the appearance of the accused for hearing or trial.

44. That the violations of prior court precedent; the Eighth and Fourteenth Amendments; and, the Presumption of Innocence are systematic and embedded in the Cullman judicial apparatus.

45. That the violations, herein alleged, are of a continuing nature.

46. That the judicial officers named herein, set CASH ONLY bail in cases knowing that this type of bail is a sham and illusory.

47. That the judicial officials and officers, herein named, set CASH ONLY bail to imprison citizens prior to trial in violation of prior precedent and constitutional protections.

48. That the aforementioned judicial officers/officials regularly set CASH ONLY bail to insure the continued imprisonment of alleged offenders in violations of the Presumption of Innocence, Due Process of Law, the Eighth and Fourteenth Amendments and prior precedent as enunciated by the federal courts.

49. That the Plaintiff are/were denied DUE PROCESS OF LAW unable to self-investigate their cases and assist in their defense due to the unlawful and unconstitutional machinations and excessive bail set by the aforementioned.

50. That the A.O.C. has wholly failed to properly train, oversee and supervise the Courts and it's Court officials resulting in the deprivations referred to herein.

51. That the Defendant Sheriff, Clerk, Magistrates and Judge have conspired, combined and confederated to establish a system without regard to rights of the Plaintiffs; and, one which is politically expedient.

52. That the system of bail in Cullman County is the result of unconstitutional and reprehensible POLICIES to advance political interests and detain citizens prior to trial contrary to those constitutional rights enumerated above and herein.

53. That the A.O.C. has adopted rules and promoted policies which violate the Fifth, Sixth, Eighth and Fourteenth Amendments (U.S.C.A.).

54. That the A.O.C. has adopted policies and promulgated rules which violate the Due Process Clause; the Plaintiffs right to a Speedy and Public Trial; promote excessive bail and equal protection under the law.

55. That the Plaintiffs, individually and collectively, have failed to observe and protect the named Plaintiff's and Class members right to Due Process of Law, a Speedy and Public Trial; the right to non-excessive bail and Equal Protection under the law.

56. That the practice of the Defendants setting and upholding fixed bail, even in non-indigent cases, violates the Presumption of Innocence. (<u>Coffin v. United States</u>, 156 U.S. 432 (1895)).

57. That the Defendants, individually and collectively, have violated the presumption of innocence, due process of law, the Eighth Amendment, and the Fourteenth Amendment by ignoring the foregoing amendments and constitutional principle by rigorously adhering to the system aluded to above.

### A. **NUMEROSITY- Fed. R. Civ. P. 23(a)(1)**

58. The number of drug trafficking arrests is unknown; however, Magistrate Joan White testified in a state proceeding that all persons charged with trafficking cases have received a one million dollar bond for the last twenty years.

59. Rich arrestees pay money and walk free immediately, while poor arrestees remain in jail indefinitely.

60. The number of current and future arrestees subject to this policy, if it is not enjoined, is well into the hundreds.

### B. **COMMONALITY- Fed. R. Civ. P. 23(a)(2)**

61. The relief sought is common to all members of the Class, and common questions of law and fact exist as to all members of the Class. The named Plaintiff seeks relief concerning whether the Counties policies, practice and procedures violate the rights of the Class members and relief mandating that the County and the Defendants change their policies, practices and procedures so that the constitutional rights of the Class members will be protected in the future.

62. These common legal and factual questions arise from one central scheme and set of policies and practices: the Counties wealth-based detention policy. The County operates this scheme openly and in materially the same manner every day. The material components of the scheme do not vary from Class member to Class member, and resolution of these legal and factual issues will determine whether all of the members of the class are entitled to the constitutional relief that they seek.

    Among the most important, but not the only, common questions of fact are:

    A. Whether the County has a policy and practice of using a fixed "bail schedule" to determine the amount of bail a person must pay to secure post-arrest release;
    B. Whether the County has a policy and practice of setting a one million dollar bond in every drug trafficking case; and,
    C. Whether the County inquires into the financial circumstance of arrestee when setting bail.

63. Among the most important common questions of law are:

    A. Whether a fixed "bail schedule" setting standard amounts of bail violates the Fourteenth Amendment's Due Process and Equal Protection Clauses.
    B. Whether the Counties action in detaining its poorest arrestees solely based on their inability to pay an arbitrary amount of money violates the Eighth Amendments admonition against excessive bail, and the Fourteenth Amendment's Due Process and Equal Protection Clauses.

### C. TYPICALITY- Fed. R. Civ. P. 23(a)(3)

64. The named Plaintiff's claims are typical of the claims of the other members of the Class, and he has the same interests in this case as all other members of the Class that he represents. Each of them suffers injuries from the failure of the County to comply with the basic constitutional provisions: they are confined in jail because they could not afford to pay the Counties fixed bail amount. The answer to whether the Counties

scheme of policies and practices is unconstitutional will determine the claims of the named Plaintiff and every other Class member.

65. If the named Plaintiff succeeds in the claim that the Counties policies and practices concerning wealth-based detention violates his constitutional rights, that ruling will likewise benefit every other member of the Class.

### D. ADEQUACY- Fed. R. Civ. P. 23(a)(4)

66. The named Plaintiff is an adequate representative of the Class because his interests in the vindication of the legal claims that he raises are entirely aligned with the interests of other Class members, who each have the same basic constitutional claims. He is a member of the Class, and his interests concide with, and are not antagonistic to, those of the other Class members.

67. There are no known conflicts of interests among members of the proposed Class, all of whom have a similar interest in vindicating their constitutional rights in the face of their unlawful treatment by their local government.

68. Plaintiff are represented by Thomas E. Drake, II who has extensive knowledge of both the details of the Counties scheme and the relevant constitutional and statutory law. Counsel's qualifications are more fully set forth in the accompanying Motion For Class Certification.

69. Plaintiff's counsel has devoted enormous time and resources to become intimately familiar with the Counties scheme and with all the relevant state and federal laws and procedures that can and should govern it. The interests of the members of the Class will be fairly and adequately protected by the Plaintiffs and their attorney.

### E. RULE 23(b)(2)

70. Class action status is appropriate because the County, through the policy, practices and procedures that make up its wealth-based detention scheme has acted in the same unconstitutional manner with respect to all class members. Cullman County has created and applied a simple scheme of wealth-based detention and release: by setting bail at one million dollars in every drug trafficking case allowing only for rich arrestees to obtain their release. The County releases those who can pay and detains those who cannot.

71. The Class therefore seeks declaratory and injunctive relief to restrain and enjoin the County from continuing in the future to detain impoverished arrestees who cannot afford excessive, one million dollar bonds. Because the putative Class challenges the Counties scheme as unconstitutional

       through declaratory and injunctive relief that would apply the same relief to every member of the Class, Rule 23(b)(2) certification is appropriate and necessary.

72. Injunctive relief compelling the County to comply with these constitutional rights will similarly protect each member of the Class from being subjected to the Counties unlawful policies and practices. A declaration and injunction stating that the County cannot use a fixed cash or property "bail schedule" and policy that jails indigents arrestees but free arrestees with financial means would provide relief to every member of the Class. Therefore, declaratory and injunctive relief with respect to the Class as a whole is appropriate.

73. Plaintiff seeks the following relief and hereby demands a jury in this cause for all matters so appropriate.

## CLAIMS FOR RELIEF

74. Plaintiff incorporates by reference the allegations in paragraphs 1 through 43.

75. The Fourteenth Amendments Due Process and Equal Protection Clauses have long prohibited imprisoning a person because of the person's inability to make a monetary payment.  Defendants violate Plaintiff's right by placing and keeping him in jail solely because he cannot afford to pay the amount of bail as set by the generic fixed "bail schedule" and policy used by the County.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff and the other Class members request that this Court issue the following relief.

    A.    A declaratory judgment that the Defendants violate the named Plaintiff's and Class member's constitutional rights by jailing them and keeping them in jail solely because they cannot pay a set amount of money to secure relief release after arrest;

    B.    An order and judgment preliminarily and permanently enjoining the Defendants from enforcing unconstitutional wealth-based detention policies and practices against the named Plaintiff and the Class of similarly situated people he represents;

    C.    A judgment individually compensating the individually named Plaintiff for the damages that he has suffered as a result of Defendant's unconstitutional and unlawful wealth-based detention

   scheme, including damages resulting from his confinement in jail; and,

D. An order and judgment granting reasonable attorney fees and costs pursuant to 42 U.S.C. section 1988, and any other relief this Court deems just and proper.

            RESPECTFULLY SUBMITTED,

            **/s/Thomas E. Drake, II**
            Thomas E. Drake II DRA 012
            Attorney for Defendant
            419 Second Avenue SW, Suite B
            Cullman, AL 35056-0457
            (256) 739-9445

## **CERTIFICATE OF SERVICE**

 I hereby certify that I have served a copy of the above and foregoing Complaint upon the Attorney General of Alabama, Steve Marshall, via certified mail, return receipt requested.

 This the 30th day of June, 2017.

            **/s/Thomas E. Drake, II**
            Thomas E. Drake, II

            RESPECTFULLY SUBMITTED,

            **/s/Thomas E. Drake, II**
            Thomas E. Drake II DRA 012
            Attorney for Defendant
            419 Second Avenue SW, Suite B
            Cullman, AL 35056-0457
            (256) 739-9445

## **CERTIFICATE OF SERVICE**

 I hereby certify that I have served a copy of the above and foregoing Complaint upon all parties via CM/ECF electronic filing.

This the 30th day of June, 2017.

/s/Thomas E. Drake, II
Thomas E. Drake, II

Footnotes:

1. The district attorney never presented her case to the grand jury.

2. Over four (4) years after his arrest.

3. $30,000.00 being the maximum amount within the Alabama bail schedule. A habeas corpus hearing was held before Judge Martha Williams on November 30, 2015. (A transcript of that hearing is attached). Mr. Yarbrough's request was denied.

4. Violating the Petitioner's Eighth and Fourteenth Amendment rights to reasonable bail and equal protection.

5. County or Counties meaning the 32nd Judicial Circuit and/or the Cullman County Circuit Clerk and/or the Magistrate of the Circuit Court and/or any Judge named in this Complaint; individually or in combination.