FILED
2017 Jul-14  PM 03:14
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **RAY CHARLES SCHULTZ, et al,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 5:17-cv-270-MHH** |
| ) | |
| **STATE OF ALABAMA, et al,** ) | |
| ) | |
| **Defendants.** ) | |
| | |
| **RANDALL PARRIS, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **JUDGE MARTHA WILLIAMS,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## SHERIFF MATT GENTRY'S MOTION TO STRIKE, OR, IN THE ALTERNATIVE, TO DISMISS THE SECOND AMENDED COMPLAINT

COMES NOW, Sheriff Matt Gentry, in his official and individual capacities, and hereby respectfully files this Motion to Strike, or, in the alternative, to dismiss the Second Amended Complaint filed by Randall Parris, et al.  The Second Amended Complaint is due to be stricken from the record, or, in the alternative, dismissed, as follows:

1.      Because Plaintiff(s) did not seek leave of Court as required by Rule 15 of the Federal Rules of Civil Procedure, the Second Amended Complaint is due to be stricken.

2.      Previously named parties cannot be "deleted" from a case by the filing of an amended complaint by any other party or person; instead, they must file a notice of dismissal as required by Rule 41 of the Federal Rules of Civil Procedure.

3.       Although Plaintiff had previously agreed that the "Cullman County Sheriff's Department" was due to be stricken as a Defendant in this action because it is not an entity capable of being sued (Doc. 59), this Defendant has again been named in the Second Amended Complaint.  All claims against the "Cullman County Sheriff's Department" are due to be stricken, or, in the alternative, dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure.  *See, e.g.*, *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992); *Underwood v. Cullman County Sheriff's Office*, Civil Action No. 5:13–cv–00698–SLB–TMP, 2014 WL 7369413 at *3 (N.D. Ala. Dec. 29, 2014) (dismissing the "Cullman County Sheriff's Office" as a defendant pursuant to *Dean*).

4.      It is well-established that Sheriff Gentry is a State Official pursuant to the Alabama Constitution of 1901; therefore, all claims against him in his official capacity for damages are due to be dismissed for lack of subject matter jurisdiction as such claims are barred by the Eleventh Amendment to the United States Constitution.  Ala. Const. Art. V, § 112 (designates sheriff and, by extension, his staff as members of

State's executive department); *Parker v. Williams*, 862 F.2d 1471, 1476 (11th Cir. 1989) (holding a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); *Free v. Granger*, 887 F.2d 1552, 1557 (11th Cir. 1989) (holding that a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity).  In addition, Sheriff Gentry, in his official capacity, is not a "person" within the meaning of 42 U.S.C. § 1983.  *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989); *see also Carr v. City of Florence, Ala.*, 918 F.2d 1521, 1525, n.3 (11th Cir. 1990).

5.     There is no "real and immediate" threat of injury to any of the named Plaintiffs; therefore, they do not have standing to seek equitable relief.  *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983); *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974); *see also Murphy v. Hunt*, 455 U.S. 478, 483-484 (1982) (holding that a plaintiff's conviction mooted case seeking equitable relief on issue of pretrial bail).

6.     Sheriff Gentry is entitled to qualified immunity as to all claims brought against him in his individual capacity because there is no allegation of any causal connection whatsoever between any action taken by him and the terms and conditions of any of the Plaintiffs' bail.  *See, e.g.*, *Pearson v. Callahan*, 555 U.S. 223, 236-242 (2009); *Sexton v. Furr*, Civil Action No. 4:14-cv-02165-MHH, 2016 WL 761218 at *2 (N.D. Ala. February 26, 2016); *Bey v. Abrams*, Civil Action No. 7:14-cv-02205-RDP, 2015 WL 3839902 at *11 (N.D. Ala. June 22, 2015).

7.     Even if Plaintiffs could meet Article III's actual injury requirement, their claims for equitable relief would still be due to be dismissed as to Sheriff Gentry because of the lack of any allegation of causal connection between him and the terms and conditions of their bail.  There is not the requisite connection between Sheriff Gentry and the claimed injury to justify the application of *Ex parte Young*, 209 U.S. 123 (1908), to this case.  Moreover, their injury, if it existed, could not be redressed by Sheriff Gentry.  *See*, *e.g. Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982).  Finally, causation is a necessary element of a cause of action brought pursuant to 42 U.S.C. § 1983.  *See, e.g.*, *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986).

8.     In the alternative, the claims of Turney, Anderson, Burks, and Shelton are time-barred, as the latest possible date on which they could have arisen was more than two years prior to the filing of the Second Amended Complaint.  *See Owens v. Okure*, 488 U.S. 235, 240-41 (1989) (discussing applicable statute of limitations for § 1983 actions).

WHEREFORE, THESE PREMISES CONSIDERED, Sheriff Matt Gentry, in his individual and official capacities, hereby respectfully requests that the Second Amended Complaint be stricken as improper under both Rules 15 and 41 of the Federal Rules of Civil Procedure.  In the alternative, Sheriff Gentry respectfully

requests that all claims against him be dismissed with prejudice pursuant to Rule 12 of the Federal Rules of Civil Procedure.

Respectfully submitted this the 14th day of July, 2017.

**s/Jamie H. Kidd**
JAMIE H. KIDD (ASB-7661-M76H)
WEBB & ELEY, P.C.
7475 Halcyon Pointe Dr. (36117)
P.O. Box 240909
Montgomery, AL 36124
(334) 262-1850 - T
(334) 262-1772 - F
jkidd@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of July, 2017, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following:

J. Melvin Hasting
Law Office of Melvin Hasting, LLC.
P.O. Box 517
Cullman, AL 35058
(256) 736-2230 – T
(256) 775-0223 – F
mhasting@hiwaay.net
*Attorney for Plaintiffs Ray Charles Schultz, Davon Treshawn Beebe, Tyrone Daishawn Beebe, and James Hugo Sterling*

Thomas E. Drake, II.
The Drake Law Firm
419 Second Avenue SW, Suite B
Cullman, AL 35055
(256) 739-9445 – T
(256) 734-7121 – F
tomdrake@bellsouth.net
*Attorney for Plaintiff Randall Lee Parris*

James W. Davis
Laura E. Howell
Office of the Attorney General
501 Washington Avenue
P.O. Box 300152
Montgomery, AL 36130
(334) 242-7300 – T
(334) 353-8440 – F
jimdavis@ago.state.al.us
lhowell@ago.state.al.us
*Attorneys for Defendant the State of Alabama, and the Intervenor Defendants Hon. Martha Williams, Hon. Joan White, Hon. Amy Black, Lisa McSwain, Alabama Administrative Office of the Courts, and Randy Helms[1]*


**s/Jamie H. Kidd**
OF COUNSEL

---

[1] The Office of Attorney General has agreed to accept service on behalf of these Defendants.