FILED

2018 Mar-28  PM 08:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

|  |  |  |
|---|---|---|
| **BRADLEY HESTER, on behalf of** | ) | |
| **Himself and those similarly situated,** | ) | |
| | ) | |
| **Plaintiff-Intervenor,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:17-cv-270-MHH** |
| | ) | **Class Action** |
| **MATT GENTRY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## SHERIFF MATT GENTRY'S BRIEF IN SUPPORT OF HIS MOTION TO DISMISS

COMES NOW Sheriff Matt Gentry, in his official capacity as Sheriff of Cullman County, Alabama, and hereby respectfully files this Motion to Dismiss the Complaint in Intervention filed by Plaintiff Bradley Hester (Doc. 95) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

The procedural history of this case is somewhat complicated.  At this juncture, the operative pleading is the Intervenor Complaint filed by Plaintiff Bradley Hester on behalf of himself and others similarly situated.  (Doc. 95).  Plaintiff Hester alleges the existence of an unconstitutional "two-tier pretrial justice system" that violates the Fourteenth Amendment rights of those arrestees who are unable to meet the financial conditions of release imposed by the judges of the Cullman County criminal court

system.  (Doc. 95, ¶ 1.)  He has sued Sheriff Gentry as well as Circuit Clerk Lisa McSwain, Magistrate Amy Black, Magistrate Joan White, District Judge Kim Chaney, and District Judge Rusty Turner, seeking declaratory and injunctive relief pursuant to 42 U.S.C. § 1983.  As discussed herein, Alabama law is clear that Sheriff Gentry has no authority or control over the terms and conditions by which a person arrested for a crime may be released; therefore, all claims against him are due to be dismissed.

## STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.  "The point is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 (11th Cir. 2008).  In *Bell Atlantic v. Twombly*, the Supreme Court tightened the pleading standard applicable to complaints, describing the old "no set of facts" as being "best forgotten as an incomplete, negative gloss" on Rule 8.  550 U.S. 544, 563 (2007).  Instead, the *Twombly* Court set a "plausibility" standard, pursuant to which the plaintiff must plead enough facts (not merely unsupported legal conclusions) to show that, if the facts are proven true, he will plausibly be entitled to the relief that he seeks.  *Id.* at 562-63.  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

## ARGUMENT

As this Court has recognized on several occasions, "[i]n Alabama, judicial officers have the exclusive authority to set bond." *Sexton v. Furr*, Civil Action No. 4:14-cv-02-02165-MHH, 2016 WL 761218 at *2 (N.D. Ala. Feb. 26, 2016) (dismissing Eighth Amendment excessive bail claim against employee of the Alabama Bureau of Investigation) (citing Ala. Code § 12-22-222(b); Ala. R. Crim. P. 72.); *see also Bey v. Adams*, Civil Action No. 7:14-cv-02205-RDP, 2015 WL 389908 at *11 (N.D. Ala. June 22, 2015) ("In Alabama, the exclusive authority to set bail is vested with judicial officers."); *Ex parte State ex rel. Patterson*, 268 Ala. 524, 528, 108 So. 2d 448, 451 (1958) ( It is "clear that the power to decide whether a defendant is entitled to remain at large on bail is a judicial power.")

Plaintiff's Fourteenth Amendment claims against Sheriff Gentry in this case do not arise from any independently wrongful act allegedly taken by him. *Cf. Campbell v. Johnson*, 586 F.3d 835 (11th Cir. 2009) (holding that there was a fact issue as to whether a sheriff personally participated in allegedly falsely imprisoning the plaintiff when it was claimed that he had personally directed that certain property not be accepted to satisfy a bail bond). Instead, Plaintiff's claims in this case arise solely from Sheriff Gentry's custody and control over the Cullman County Jail. Plaintiff argues that, because Sheriff

Gentry (and his employees) hold the physical keys to the Jail, he is responsible for the enforcement of what they allege to be the unconstitutional policies, procedures, and decisions of co-Defendants McSwain, Black, White, Chaney, and Turner (the "Judicial Defendants"), and therefore may be held liable for them *even though* it is undisputed that Sheriff Gentry has absolutely no authority over these decisions.

This argument admittedly has some superficial plausibility if one analogizes the policies and procedures developed by the Judicial Defendants to a statute that Sheriff Gentry is charged to enforce. The problem, however, is that the relief sought by Plaintiff in this case goes far beyond an order requiring Sheriff Gentry to stop arresting people under a particular criminal statute and/or to release those currently incarcerated on pending charges. The relief requested by Plaintiff instead would essentially require Sheriff Gentry to monitor the activities of the Judicial Defendants and override their decisions if necessary. This Court, respectfully, does not have jurisdiction to issue such an order. In the alternative, the lack of connection between any act by Sheriff Gentry and the alleged harms are fatal to Plaintiff's attempt to state a claim against Sheriff Gentry pursuant to 42 U.S.C. § 1983.

## I.   THIS COURT DOES NOT HAVE JURISDICTION OVER THE CLAIMS ALLEGED AGAINST SHERIFF GENTRY IN THIS CASE.

Sheriff Gentry's lack of authority over or involvement in deciding the terms and conditions of bail deprives this Court of jurisdiction under both the doctrine of standing and the defense of sovereign immunity as guaranteed by the Eleventh Amendment of

the United States Constitution.[1]  Specifically, there is no causal connection between any action by Sheriff Gentry and the injuries alleged by Plaintiff, and there is no relief that may be ordered against Sheriff Gentry in this action that could redress these injuries. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-62 (1992).  There is also not the requisite connection between the policies and practices used in setting bail in Cullman County and Sheriff Gentry as required by *Ex parte Young*, 209 U.S. 123 (1908), and its progeny.  There is significant overlap between these two issues in this case because both depend on the connection between Sheriff Gentry and the harms alleged by Plaintiff on behalf of the putative class.  *See Greater Birmingham Ministries v. Alabama*, No. 2:15-CV-02193-LSC, 2017 WL 782776, at \*4, n.9 (N.D. Ala. Mar. 1, 2017).

## A.   Plaintiff does not have standing to bring any claims against Sheriff Gentry.

In order to have standing to pursue his claims, Plaintiff must establish three elements, as follows:

> (1) an injury in fact—that is, an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of—in other words, the injury must be fairly traceable to the challenged action of the defendants, and not the result of the independent action of some third party not before the court; and (3) a likelihood, as opposed to a merely speculative chance, that the injury will be redressed by a favorable decision of the court. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–62 (1992). Failure to establish any one of

---

[1] It is well-established that Alabama sheriffs are State officials who are generally entitled to absolute immunity against any claims brought against them in their official capacities.  *See, e.g.*, *McMillian v. Monroe County*, 520 U.S. 781, 783 (1997).

the three standing elements deprives the federal courts of jurisdiction to hear the suit. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998).

*Greater Birmingham Ministries v. Alabama*, 2017 WL 782776 at *4.

In *Doe v. Holcomb*, the Seventh Circuit Court of Appeals very recently confronted an argument much like that made by Plaintiff in this action.  883 F.3d 971, 979 (7th Cir. 2018).  The *Doe* plaintiff sued, *inter alia*, a county clerk of court, alleging that the state's law requiring persons petitioning for a name change to provide proof of citizenship was unconstitutional.  Although the court recognized that the plaintiff had stated an injury-in-fact, it held that he did not have standing to sue the clerk because he failed to meet the causation and redressability prongs.  *Id.* at 978.  The plaintiff attempted to argue the fact that the clerk's office distributed and processed the name change forms was enough to subject her to suit; however, the court found that her lack of authority to dictate the terms of the name-change process or screen the forms was fatal to his claims. *Id.* at 979; *see also Duit Const. Co. Inc. v. Bennett*, 796 F.3d 938, 941 (2015) (holding that a plaintiff did not have standing to sue defendants who had no authority over the challenged practices); *Greater Birmingham Ministries*, 2017 WL 782776 at *4 (holding that the plaintiff had standing to sue only the Secretary of State for claims alleging that the Photo ID Law was unconstitutional).

While Plaintiff may very well have a cognizable injury, this injury is not traceable to Sheriff Gentry, nor does he have the authority to redress the alleged violations arising

out of the Judicial Defendants' actions.  His role vis-à-vis bail is limited to processing

them as required by Alabama law – and, in fact, he is not even allowed to receive some

forms of bail.  Because the requirements of standing are not met in regards to Sheriff

Gentry, all claims against him are due to be dismissed.

> **B.      Sheriff Gentry is entitled to immunity pursuant to the Eleventh Amendment of the United States Constitution.**

"The Eleventh Amendment prohibits a federal court from exercising jurisdiction

over a lawsuit against a state, except where the state has consented to be sued or waived

its immunity, or where Congress has overridden the state's immunity." *Boglin v. Bd. of*

*Trustees of Alabama Agric. & Mech. Univ.*, No. 5:17-CV-01487-AKK, 2018 WL

723168, at *3 (N.D. Ala. Feb. 6, 2018) (*quoting Cross v. Ala. Dep't of Mental Health &*

*Mental Retardation*, 49 F.3d 1490, 1502 (11th Cir. 1995). Neither of these exceptions

apply in this case, since Alabama has not waived its immunity, nor has this immunity

been abrogated by § 1983.  *Id.*  There is, however, a third "narrow" exception to absolute

11th Amendment immunity arising from the decision of the United States Supreme Court

in *Ex parte Young*, 209 U.S. 123 (1908).  *Id.*

*Ex parte Young* allows suits against a State officer in his official capacity for

prospective injunctive relief against continuing violations of law based on the "fiction"

that an officer's unconstitutional act necessarily must fall outside of the scope of his

authority.  *See Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326, 1336-37 (11th

Cir. 1999); *see also Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 701

(1949) ("[T]he action of an officer of the sovereign…can be regarded as so 'illegal' as to permit a suit for a specific relief against the officer as an individual only if it is not within the officer's statutory powers or, if within those powers, only if the powers, or their exercise in the particular case, are constitutionally void.")  There must, however, be a connection between the officer and the allegedly unlawful act.  *Summit Medical Associates, P.C.*, 180 F.3d at 1341; *Boglin*, 2018 WL 723168 at *5.

In this case, the requisite connection between Sheriff Gentry and the Judicial Defendants' decisions regarding the setting of bail is lacking.  Courts have consistently held that relief may not be granted under *Ex parte Young* against a defendant who does not have direct control over the alleged constitutional violation.  *See*, *e.g.*, *Women's Emergency Network v. Bush*, 323 F.3d 937, 949-50 (11th Cir. 2003) (dismissing challenge to the constitutionality of specialty license plates against governor); *Summit Medical Associates, P.C.*, 180 F.3d at 1341-42 (holding that neither the attorney general, nor the governor, nor the district attorney had a relationship to the enforcement of a provision allowing for private civil suits to enjoin an abortion); *Boglin*, 2018 WL 723168 at *5 (holding that *Ex parte Young* exception would not apply to a claim seeking reinstatement against defendants who did not have the statutory authority to rehire the plaintiff); *Abdullah v. Alabama Sentencing Commission*, No. 2:08-cv-855-MHT, 2009 WL 3063346 at *6 (M.D. Ala. Sept. 22, 2009) (dismissing suit challenging Alabama's sex offender notification laws against Alabama Sentencing Commission and Lynda

Flynt when neither defendant had the authority to actually change the law). General administrative enforcement power of the type possessed by Sheriff Gentry in this case is particularly insufficient when there is another official who has specific enforcement authority. *Women's Emergency Network*, 323 F.3d at 949-50.

Further, the fact that the authority to set bail is firmly committed to the judicial branch in Alabama provides another reason for this Court to refuse to apply *Ex parte Young* exception in this case beyond the mere lack of connection between Sheriff Gentry and the challenged conduct. A grant of prospective injunctive relief is inappropriate where the relief implicates special issues regarding a State's sovereignty. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 281 (1997). It is a "crucial axiom of our government [that] the States have wide authority to set up their state and local governments as they wish." *McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, 795 (1997). The doctrine of separation of powers is enshrined in the Alabama Constitution of 1901 to arguably an even greater extent than in the United States Constitution. *See* Ala. Const. 1901, § 43 (separation of powers provision); *Ex parte James*, 836 So. 2d 813, 819 (Ala. 2002). Plaintiff, however, is seeking an injunction that would impose positive duties on the Sheriff that are not only far beyond the authority granted to him by Alabama law as a member of the State judicial branch, but are indeed firmly committed to the province of another branch of government. Because granting this relief against Sheriff Gentry would impermissibly interfere with Alabama's sovereign interests, it is therefore due to

be denied.  *See Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 691, n. 11 (1949) ("Of course a suit may fail, as one against the sovereign, even if it is claimed that the officer being sued has acted unconstitutionally or beyond his statutory powers, if the relief requested cannot be granted by merely ordering the cessation of the conduct complained of but will require affirmative action by the sovereign…")  There is no basis for abrogating Sheriff Gentry's 11th Amendment immunity in this suit; therefore, all claims against him are due to be dismissed.

## II.   IN THE ALTERNATIVE, PLAINTIFFS HAVE FAILED TO STATE A CLAIM AGAINST SHERIFF GENTRY.

Of course, *Ex parte Young* does not, in and of itself, create a right of action; rather, it only allows for a very specific remedy (i.e., prospective injunctive relief against a State official) when necessary to stop an ongoing underlying infringement of some right.  The merits of the claim are a separate issue entirely from the threshold jurisdictional issues presented either by the doctrine of standing or by Sheriff Gentry's assertion of Eleventh Amendment Immunity.  *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 646 (2002) ("But the inquiry into whether suit lies under *Ex parte Young* does not include an analysis of the merits of the claim."); *Warth v. Seldin*, 422 U.S. 490, 500 (1975) (recognizing that "standing in no way depends on the merits of the plaintiff's contention that particular conduct is illegal").  In this case, even if Plaintiffs had adequately pled jurisdiction, dismissal would still be appropriate because they cannot state a claim again Sheriff Gentry, in his official capacity, as they have not plausibly

alleged that he, himself, actually violated any of their rights as applied by 42 U.S.C. §

1983.

> 42 U.S.C. § 1983 provides, in relevant part, as follows:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State ... subjects, or causes to be subjected, any
> citizen of the United States ... to the deprivation of any rights, privileges,
> or immunities secured by the Constitution ... shall be liable to the party
> injured in an action at law, suit in equity, or other proper proceeding for
> redress.

42 U.S.C. § 1983. This language "plainly requires proof of an affirmative causal

connection between the actions taken by a particular person 'under color of state law'

and the constitutional deprivation." *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir.

1982). "[T]he inquiry into causation must be a directed one, focusing on the duties and

responsibilities of each of the individual defendants whose acts or omissions are alleged

to have resulted in a constitutional deprivation." *Id.* at 1381.

The Fifth Circuit Court of Appeals very recently used a cause of action analysis

to order that a Texas sheriff be dismissed from *ODonnell v. Harris County, Texas*, which

is a similar challenge to the procedures used for setting bail. No. 17-20333, __F.3d__,

2018 WL 851776 at *4 (Feb. 14, 2018). The *ODonnell* court held that the sheriff in that

case was not an appropriate party because he, unlike the judicial defendants in that case,

did not have authority to set policy over the terms and conditions of bail, as follows:

> The County appeals the district court's ruling that the County Judges and
> Sheriff could be sued under 42 U.S.C. § 1983. Liability under § 1983
> attaches to local government officers "whose [unlawful] decisions

represent the official policy of the local governmental unit." *Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 737, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989). Whether an officer has been given this authority is "a question of state law." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)…

…Texas law explicitly establishes that the Judges are "county officers" imbued with broad authority to promulgate rules that will dictate post-arrest policies consistent with the provisions of state law, Tex. Gov't Code § 75.403(f).  Here, ODonnell alleged that, despite having this authority, County Judges acquiesced in an unwritten, countywide process for setting bail that violated both state law and the Constitution.  In other words, they sue the County Judges as municipal officers in their capacity as policymakers.  Section 1983 affords them an appropriate basis to do so.

We agree with the County that its Sheriff is not an appropriate party, however. The Sheriff does not have the same policymaking authority as the County Judges. To the contrary, the Sheriff is legally obliged to execute all lawful process and cannot release prisoners committed to jail by a magistrate's warrant—even if prisoners are committed "for want of bail." See Tex. Code Crim. Pro. arts. 2.13, 2.16, 2.18; Tex. Loc. Gov't Code § 351.041(a) (noting the Sheriff's authority is "subject to an order of the proper court"). State statutes, in other words, do not authorize the County Sheriff to avoid executing judicial orders imposing secured bail by unilaterally declaring them unconstitutional. Accordingly, the County Sheriff cannot be sued under § 1983.

*Id.* at *4.

In Plaintiff Hester's Response in Opposition to Sheriff Gentry's Notice of Supplemental Authority regarding *Odonnell*, he argued that *Odonnell* should not apply because that court did not consider the issue of whether the sheriff could be enjoined in his capacity as a state official under *Ex parte Young* and instead focused only on the sheriff's role as a municipal policymaker under *Monell v. Dep't Social Servs. Of City of New York*, 436 U.S. 658 (1978).  (Doc. 96, pg. 2.)  Frankly, this argument is either

disingenuous or evidence of a deep-seated misunderstanding of the difference between the rights established by 42 U.S.C. § 1983 and the remedy established for any violation of these (or other) rights by a State official in *Ex parte Young*.[2]

The *Odonnell* district court rather extensively analyzed the issue of the sheriff's liability in Section IV(2)(a) of its opinion.  227 F.Supp.3d 706, 747-752 (S.D. Tex. 2016).  The district court held that, under Texas law, the sheriff was subject to suit as a final policymaker for the defendant county, and, further, that the plaintiffs had adequately alleged a causal connection between the sheriff's "exercise of his policymaking discretion in the area of [c]ounty law enforcement and the plaintiffs' alleged injuries…"  *Id.* at 750.  In the alternative, to the extent that the sheriff might arguably represent the State of Texas instead of the county in that case, the district court held the complaint would still state a claim against the sheriff for prospective injunctive relief under the *Ex parte Young* exception based on the fact that Texas law tasked him with detaining misdemeanor arrestees in the county jail.  *Id.* at 751-52.  The district court still recognized, however, that a final determination of liability even in the sheriff's capacity as a state officer would depend on evidence showing that he was aware that

---

[2] A plaintiff who seeks to sue an official like Sheriff Gentry who would otherwise be entitled to sovereign immunity must not only state a cause of action against that official; he must also establish that the suit is not one against the State itself.  *Larson*, 337 U.S. at 693.  The *Larson* Court cautioned against "confus[ing] the doctrine of sovereign immunity with the requirement that a plaintiff state a cause of action."  Id.  at 692-93.

misdemeanor arrestees were being detained solely because they could not afford to pay bail. *Id.* at 752.

In reversing the district court on this issue, the Fifth Circuit Court of Appeals did not waste time engaging in a review of whether the sheriff was acting as a county official or a state official. *Odonnell*, 2018 WL 851776 at *4. It instead simply held that no claim could be stated against the defendant sheriff in that case under § 1983 because Texas law did not grant him the authority to countermand judicial orders setting bail based on his belief that the orders were unconstitutional. *Id.* Similarly, despite Plaintiff's attempt to frame Sheriff Gentry's continued incarceration of arrestees who cannot meet the terms and conditions of their bond - whether set by schedule, a warrant, or a judge - as a policy developed by him (thus implying that he can change this policy), it is in fact a legal obligation imposed on him by the Alabama Code. Like Texas law, Alabama law, including Ala. Code § 36-22-3 and §§15-13-1 *et seq.*, makes the Sheriff "legally obliged to execute all lawful process" (i.e., all process except that which is facially void) and does "not authorize the County Sheriff to avoid executing judicial orders imposing secured bail by unilaterally declaring them unconstitutional." *Odonnell*, 2018 WL 851776 at *4; *see also Sexton*, *supra*; *Bey*, *supra*. Therefore, even if this Court had jurisdiction in this case, Plaintiff's claims against Sheriff Gentry would be due to be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

WHEREFORE, THESE PREMISES CONSIDERED, Matt Gentry, in his official capacity as Sheriff of Cullman County, Alabama, hereby respectfully requests that this Court dismiss all claims against him either pursuant to Rule 12(b)(1) or the Federal Rules of Civil Procedure or with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted this the 28th day of March, 2018.

**s/Jamie H. Kidd**
JAMIE H. KIDD (ASB-7661-M76H)
J. RANDALL MCNEILL (ASB-4841-E29J)
Attorneys for Defendant Matt Gentry
WEBB & ELEY, P.C.
7475 Halcyon Pointe Dr. (36117)
P.O. Box 240909
Montgomery, AL 36124
(334) 262-1850 - T
(334) 262-1772 – F
jkidd@webbeley.com
rmcneill@webbeley.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 28th day of March, 2018, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice to the following:

Alec Karakatsanis
Katherine Hubbard
Civil Rights Corps
910 17th Street NW
Suite 500
Washington, DC 20006
(202) 930-3835 – T
alec@civilrightscorps.org
katherine@civilrightscorps.org
*Attorneys for Intervenor-Plaintiff Bradley Hester*

Samuel J. Brooke
Micah West
Southern Poverty Law Center
400 Washington Avenue
Montgomery, AL 36104
(334) 956-8200 – T
(334) 956-8481 – F
samuel.brooke@splcenter.org
micah.west@splcenter.org
*Attorneys for Intervenor-Plaintiff Bradley Hester*

Randall C. Marshall
Brock Boone
ACLU of Alabama Foundation
P.O. Box 6179
Montgomery, AL 36106
(334) 420-1741 – T
(334) 269-5666 – F
rmarshall@aclualabama.org
bboone@aclualabama.org
*Attorneys for Intervenor-Plaintiff Bradley Hester*

Andrea Woods
Brandon Buskey
American Civil Liberties Union
125 Broad Street
18th Floor
New York, NY 10004
(212) 549-2528 – T
awoods@aclu.org
bbuskey@aclu.org
*Attorneys for Intervenor-Plaintiff Bradley Hester*

Dorman Walker
John Wesley Naramore
Balch & Bingham LLP
P.O. Box 78
Montgomery, AL 36101
(334) 269-3138
dwalker@balch.com
jnaramore@balch.com
*Attorneys for the Intervenor Defendants*
*Hon. Kim Chaney*

Steven Troy Marshall
James W. Davis
Laura E. Howell
Office of the Attorney General
501 Washington Avenue
P.O. Box 300152
Montgomery, AL 36130
(334) 242-7300 – T
(334) 353-8440 – F
smarshall@ago.state.al.us
jimdavis@ago.state.al.us
lhowell@ago.state.al.us
*Attorneys for Intervenor-Defendants Lisa McSwain, Joan White, Amy Black, and Wells R. "Rusty" Turner, III*

**s/Jamie H. Kidd**
**OF COUNSEL**