# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **RAY CHARLES SCHULTZ, et al.,**<br>    **Plaintiffs,**<br><br>    v.<br><br>**STATE OF ALABAMA, et al.,**<br>    **Defendants.** | |
| **RANDALL PARRIS, on behalf of himself and those similarly situated, et al.,**<br>    **Plaintiff-Intervenor,**<br><br>    v.<br><br>**MARTHA WILLIAMS, et al.,**<br>    **Defendants.** | Case No. 5:17-cv-00270-MHH<br><br>Class Action |
| **BRADLEY HESTER, on behalf of himself and those similarly situated,**<br>    **Plaintiff-Intervenor,**<br><br>    v.<br><br>**MATT GENTRY, et al.,**<br>    **Defendants.** | |

## **ORDER**

Plaintiff-Intervenor Bradley Hester alleges that Cullman County Sheriff

Matt Gentry, Circuit Clerk Lisa McSwain, Magistrate Amy Black, Magistrate Joan White, District Court Judge Kim Chaney, and District Court Judge Wells R. Turner III operate a "two-tiered pretrial justice system" that discriminates among criminal defendants on the basis of wealth. (Doc. 95, pp. 1-2, ¶ 1). Mr. Hester asks the Court to preliminarily enjoin Sheriff Gentry from detaining indigent defendants who cannot afford to post a property bond or a surety bond as a condition of pretrial release from jail. Mr. Hester argues that Cullman County's procedures for setting a secured bond as a condition of pretrial release are constitutionally flawed, and he argues that the way in which Cullman County implements those procedures is inequitable. (Doc. 102).[1] Mr. Hester has asked the Court to certify a class "consisting of all state-court arrestees who are or who will be jailed in Cullman County who are unable to pay the secured monetary bail amount required for their release." (Doc. 101, p. 2). The defendants do not oppose Mr. Hester's request for class certification. (Doc. 144, p. 8; Doc. 145, p. 1).

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Sheriff Gentry asks the Court to dismiss Mr. Hester's intervenor

---

[1] As discussed in the Court's September 4, 2018 memorandum opinion in this case, when Mr. Hester filed his intervenor complaint and his motion for preliminary injunction, Cullman County followed pretrial procedures different from the procedures in place as of the date of this order. Therefore, the language of Mr. Hester's intervenor complaint and preliminary injunction motion pertains to the old version of Cullman County's pretrial procedures. Two weeks after Mr. Hester filed his motion for preliminary injunction, Cullman County revised its pretrial procedures. For the reasons described in the September 4, 2018 memorandum opinion in this case, the new version of Cullman County's pretrial procedures does not moot Mr. Hester's claims.

complaint. (Doc. 123, p. 1). For the following reasons, the Court denies Sheriff Gentry's motion to dismiss.

## I.     STANDARD OF REVIEW

Rule 12(b)(1) enables a defendant to move to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint." *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). "When considering such challenges, the court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true." *Id.* (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)).

Rule 12(b)(6) enables a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the "liberal pleading standards set forth by Rule 8(a)(2)." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pursuant to Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. FACTUAL BACKGROUND[2]

Sheriff Gentry "is responsible for the operation of the Cullman County Jail and the release and detention of arrestees." (Doc. 95, p. 5, ¶ 20). He "requires any person arrested" to post a secured bond as a condition of "release[] from jail following arrest." (Doc. 95, p. 4, ¶ 16). Sheriff Gentry uses a bail schedule to determine the initial amount of bail required for each arrestee. (Doc. 95, p. 5, ¶ 22). Within hours of an arrest, if an arrestee can post a bond, then the Sheriff's Office releases her. (Doc. 95, p. 5, ¶ 24). If an arrestee cannot post a bond, then the Sherriff's Office will detain her. (Doc. 95, p. 6, ¶ 25).

Mr. Hester was arrested on July 27, 2017 and detained in Cullman County Jail. (Doc. 95, p. 2, ¶ 3).[3] Mr. Hester was, and others similarly situated are, detained in Cullman County Jail solely because they cannot afford to pay the bail amount set as a condition of pretrial release. (Doc. 95, p. 2, ¶¶ 3-4).

## III. ANALYSIS

In his motion to dismiss, Sheriff Gentry contends that the Court lacks jurisdiction to hear Mr. Hester's claims against him because Mr. Hester lacks standing, and Sheriff Gentry enjoys sovereign immunity. (Doc. 123, p. 2, ¶¶ 2-3).

---

[2] For purposes of this order, the Court presents only facts pertinent to Sheriff Gentry's Rule 12(b)(1) and Rule 12(b)(6) arguments.

[3] Mr. Hester was detained when he intervened in this case but has since been released. (Doc. 108, p. 4 n.1). The parties acknowledge that Mr. Hester's release does not moot this case. (*See* Doc. 144, p. 3).

In the alternative, Sheriff Gentry contends that Mr. Hester has failed to state a claim for relief against him. (Doc. 123, p. 2, ¶ 4).

As Sheriff Gentry states, "[t]here is significant overlap" between his Rule 12(b)(1) and Rule 12(b)(6) arguments "because both depend on the connection between Sheriff Gentry and the harms alleged by [Mr. Hester] on behalf of the putative class." (Doc. 124, p. 5). Sheriff Gentry argues that because he has no authority to set bail or disobey policies established by the judicial defendants and state law, there is no connection between his official actions and the plaintiffs' alleged constitutional injuries. (*See* Doc. 124, pp. 3-4). Essentially, Sheriff Gentry contends that he is merely following the rules and is without discretion to act otherwise. For this reason, Sheriff Gentry argues that Mr. Hester cannot establish causation or redressability and therefore lacks standing (Doc. 123, p. 2, ¶ 2; Doc. 124, pp. 5-7), that *Ex parte Young*, 209 U.S. 123 (1908) does not abrogate Sheriff Gentry's Eleventh Amendment sovereign immunity (Doc. 123, p. 2, ¶ 3; Doc. 124, pp. 7-10), and that Mr. Hester failed to allege the required causal connection element for a § 1983 claim (Doc. 123, p. 2, ¶ 4; Doc. 124, pp. 10-14).

Sheriff Gentry's Rule 12(b)(1) and Rule 12(b)(6) arguments fail because pursuant to *Ex parte Young*, 209 U.S. 123 (1908) and its progeny, the Court may enjoin a state official from enforcing an unconstitutional state law. "The landmark case of [*Young*] created an exception to [state sovereign immunity] by asserting

that a suit challenging the constitutionality of a state official's action in enforcing state law is not one against the State." *Green v. Mansour*, 474 U.S. 64, 68 (1985) (citing *Young*, 209 U.S. at 159-60).  According to *Young*, "an unconstitutional enactment is 'void' and therefore does not 'impart to [the officer] any immunity from responsibility to the supreme authority of the United States.'" *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984) (quoting *Young*, 209 U.S. at 160).

A state cannot authorize an unconstitutional action, and an officer who enforces such action is "stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct." *Young*, 209 U.S. at 160.  Put simply, a federal court may grant "prospective injunctive relief to prevent a continuing violation of federal law." *Green*, 474 U.S. at 68 (citing *Young*, 209 U.S. at 155-56, 59).

> Personal action by defendants individually is not a necessary condition of injunctive relief against state officers in their official capacity.  All that is required is that the official be responsible for the challenged action.  As the *Young* court held, it is sufficient that the state officer sued must, 'by virtue of his office, ha[ve] some connection' with the unconstitutional act or conduct complained of.

*Luckey v. Harris*, 860 F.2d 1012, 1015-16 (11th Cir. 1988) (citing *Young*, 209 U.S. at 157).

According to Mr. Hester, Sheriff Gentry enforces an allegedly unconstitutional state law when the sheriff detains arrestees pretrial solely because

6

the arrestees cannot afford to pay the bail set as a condition for their release. Therefore, pursuant to *Young*, Mr. Hester may attempt to prospectively enjoin Sheriff Gentry to prevent a violation of federal law.[4]

Relying on *ODonnell v. Harris Cty., Texas*, 882 F.3d 528 (5th Cir. 2018), Sheriff Gentry argues that there is no causal connection between his official actions and the injuries alleged. (*See* Doc. 124, pp. 11-14). Sheriff Gentry's reliance on *ODonnell* is misplaced. In *ODonnell*, the Fifth Circuit did not consider whether a county sheriff could be enjoined as a state official pursuant to *Young*. Instead, the Fifth Circuit held that a county sheriff could not be sued as a municipal policymaker under § 1983 because Texas law gave the sheriff no authority "to avoid executing judicial orders imposing secured bail by unilaterally declaring them unconstitutional." *ODonnell*, 882 F.3d at 538. Nevertheless, in a draft injunction order that the court of appeals provided to the district court on remand, the Fifth Circuit stated, "[t]he Harris County Sheriff is therefore authorized to decline to enforce orders requiring payment of prescheduled bail amounts as a condition of release for said defendants if the orders are not accompanied by a

---

[4] During the preliminary injunction proceedings, Mr. Hester established that the Sheriff's Office does more than simply set the initial amount of bail for an arrestee. Sheriff Gentry testified that he advises relatives of arrestees to post property bonds as opposed to surety bonds. The Sheriff's Office provides contact information for bail bondsmen to arrestees. Court liaisons from the Sheriff's Office provide to arrestees who cannot afford the initial amount of bail set for their pretrial release a release questionnaire and an affidavit of financial hardship, and the liaisons provide the completed forms to the clerk of court. Arrestees participate in initial appearances from the jail via videoconference. (Doc. 159).

record showing that the required individual assessment was made and an opportunity for formal review was provided." *Id.* at 548. Accordingly, *ODonnell* authorizes the very relief that Sheriff Gentry claims it precludes.

The other cases that Sheriff Gentry offers to support his arguments are inapposite. In *Women's Emergency Network v. Bush*, 323 F.3d 937 (11th Cir. 2003), *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326 (11th Cir. 1999), *Doe v. Holcomb*, 883 F.3d 971 (7th Cir. 2018), *Duit Const. Co. Inc. v. Bennett*, 796 F.3d 938 (8th Cir. 2015), *Boglin v. Bd. of Trustees of Alabama Agric. & Mech. Univ.*, 290 F. Supp. 3d 1257 (N.D. Ala. 2018), *Greater Birmingham Ministries v. Alabama*, 2017 WL 782776 (N.D. Ala. Mar. 1, 2017), and *Abdullah v. Alabama Sentencing Comm'n*, 2009 WL 3063346 (M.D. Ala. Sept. 22, 2009), the plaintiffs improperly brought suit against state officials who were not responsible for enforcing allegedly unconstitutional state laws. Here, by virtue of his office, Sheriff Gentry has a connection with and is responsible for enforcing an allegedly unconstitutional state law, and *Young* thus permits Mr. Hester to seek an injunction against Sheriff Gentry.

## IV. CONCLUSION

Based on the foregoing, the Court **DENIES** Sheriff Gentry's motion to dismiss. (Doc. 123).

**DONE** and **ORDERED** this September 5, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE