UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **RAY CHARLES SCHULTZ, et al.,**<br>    **Plaintiffs,**<br><br>v.<br><br>**STATE OF ALABAMA, et al.,**<br>    **Defendants.**<br>--- <br>**RANDALL PARRIS, on behalf of himself and those similarly situated, et al.,**<br>    **Plaintiff-Intervenor,**<br><br>v.<br><br>**MARTHA WILLIAMS, et al.,**<br>    **Defendants.**<br>---<br>**BRADLEY HESTER, on behalf of himself and those similarly situated,**<br>    **Plaintiff-Intervenor,**<br><br>v.<br><br>**MATT GENTRY, et al.,**<br>    **Defendants.** | **Case No. 5:17-cv-00270-MHH** |

**PRELIMINARY INJUNCTION ORDER**

On September 4, 2018, the Court issued a memorandum opinion in which it

explained why the Court finds preliminarily that Cullman County's bail procedures are unconstitutional. (Doc. 159). In its memorandum opinion, the Court identified a variety of procedural modifications that Cullman County could use to cure the constitutional deficiencies in the county's current bail procedures. (Doc. 159, pp. 62-63).

On September 6, 2018, the Court held a telephone conference with the parties and offered the parties the opportunity to meet and propose terms for a preliminary injunction. (September 6, 2018 docket entry). The Court explained to counsel for the parties that it was willing to consider remedies other than the remedies that the Court described in the memorandum opinion. Mindful of the Eleventh Circuit Court of Appeals' decision in *Walker v. City of Calhoun*, -- F.3d --, 2018 WL 4000252 (11th Cir. Aug. 22, 2018), and conscious of the fact that more than one option is available to the county to cure the constitutional deficiencies in its current bail procedures, the Court recognized the importance of giving Cullman County an opportunity to provide input, so that Cullman County could help select procedures best-suited to the unique demands of its jurisdiction.[1] The defendants declined the Court's invitation to participate in the process of drafting a preliminary injunction. (September 6, 2018 docket entry).

Therefore, the Court **ORDERS** as follows:

---

[1] *Walker*, 2018 WL 4000252 at *15 ("Indeed, the law cuts the other way and indicates that federal courts should give States wide latitude to fashion procedures for setting bail.").

1. Subject to the exceptions identified below -- and until Cullman County proposes alternative, constitutionally-sound procedures -- following arrests, the Sheriff of Cullman County must release all bail-eligible defendants on unsecured appearance bonds using Cullman County's current bail schedule.

2. The Sheriff does not have to immediately release defendants in the following categories who, by law, are not eligible to secure their immediate release by posting bail: defendants arrested for failure to appear or on charges that, by statute, require detention for a period of time; defendants who are intoxicated; defendants who are in need of medical attention; or defendants who have holds on their detention from other jurisdictions. In addition, the Sheriff shall not immediately release a defendant for whom an arresting officer has submitted a bail request form.

3. If an arresting officer submits a bail request form for a defendant, then the Sheriff must detain the defendant for up to 48 hours until the defendant receives an initial appearance before a district judge or a circuit judge. The Sheriff must release on an unsecured appearance bond any such defendant who does not receive an initial appearance within 48 hours of arrest.

4. Before an initial appearance, the Sheriff must notify a defendant in writing and verbally that he or she is entitled to release on an unsecured appearance bond unless a judge determines, based on clear and convincing

evidence, that the defendant poses a significant risk of flight or danger to the community.

5. Before an initial appearance, the Sheriff must provide the defendant with a questionnaire eliciting information relevant to flight risk and danger to the community.  The questionnaire must notify the defendant of the 14 factors that a judge must consider in setting bail per Rule 7.2(a) of the Alabama Rules of Criminal Procedure.  The questionnaire must notify the defendant that the judge may consider other factors.  The Sheriff must confirm that the defendant understands the questionnaire and either must have one of his court liaison deputies assist defendants who are unable to complete the questionnaire themselves or provide notice to the judge conducting a defendant's initial appearance that the defendant was unable to complete the questionnaire without assistance.

6. Before an initial appearance, the Sheriff must provide the defendant with an affidavit form on which the defendant may provide information about his or her financial means.  The form must notify the defendant that a judge will use the information on the form to assess whether the defendant is entitled to court-appointed counsel.  The form must also notify the defendant that the judge may request additional financial information during an initial appearance.  The Sheriff must confirm that the defendant understands the affidavit form and either must

have one of his court liaison deputies assist defendants who are unable to complete the affidavit form themselves or provide notice to the judge conducting the defendant's initial appearance that the defendant was unable to complete the affidavit form without assistance.

7. Before an initial appearance, the Sheriff must deliver to the Clerk of Court the questionnaire, the affidavit, and any other information relating to the initial appearance that the defendant provided to the Sheriff.

8. The Sheriff may delegate the tasks described above to members of his staff after the Sheriff provides training to his staff concerning the procedures set forth in this order. The Sheriff shall file a notice describing the training provided to his staff per this order.

Absent modification by the Court, this order shall remain in effect until the Court decides the merits of this action or the parties otherwise resolve their claims.

**DONE** and **ORDERED** this September 13, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE