FILED
2018 Nov-01  PM 05:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| RAY CHARLES SCHULTZ, et al.,<br>    Plaintiffs,<br><br>v.<br><br>STATE OF ALABAMA, et al.,<br>    Defendants.<br>------<br>RANDALL PARRIS, on behalf of himself and those similarly situated, et al.,<br>    Plaintiff-Intervenor,<br><br>v.<br><br>MARTHA WILLIAMS, et al.,<br>    Defendants.<br>------<br>BRADLEY HESTER, on behalf of himself and those similarly situated,<br>    Plaintiff-Intervenor,<br><br>v.<br><br>MATT GENTRY, et al.,<br>    Defendants. | Case No. 5:17-cv-00270-MHH |

**ORDER CLARIFYING PRELIMINARY INJUNCTION**

On September 13, 2018, the Court issued an order preliminarily enjoining certain conduct by the Cullman County Sheriff. The order, among other things, requires the Sheriff to detain for up to 48 hours an arrestee for whom a law enforcement officer has submitted a bail request form. (Doc. 164, p. 3, ¶ 3). Paragraph 3 of the order states:

> 3. If an arresting officer submits a bail request form for a defendant, then the Sheriff must detain the defendant for up to 48 hours until the defendant receives an initial appearance before a district judge or a circuit judge. The Sheriff must release on an unsecured appearance bond any such defendant who does not receive an initial appearance within 48 hours of arrest.

(Doc. 164, p. 3, ¶ 3).

The judicial defendants have argued that the preliminary injunction compels the Cullman County Sheriff "to disregard, override, or modify" the Circuit Court's March 2018 Standing Order regarding pretrial detention and bail. (Doc. 175, p. 3). By way of example, Presiding Judge Nicholas indicated in his recent declaration that paragraph 3 of the preliminary injunction causes the Cullman County Sheriff to detain arrestees for whom a magistrate has "found that no probable cause exists to believe the defendant committed the charged offense." (Doc. 175-1, pp. 5-6, ¶12).[1] The Court issues this order to clarify paragraph 3 of the preliminary

---

[1] By separate order, for the reasons stated in that order, the Court struck Judge Nicholas's declaration from the record. (Doc. 191). Because the information in Judge Nicholas's declaration concerning paragraph 3 of the injunction raises due process concerns, the Court clarifies paragraph 3.

2

injunction.

I.   **RELEVANT FACTS**

In Cullman County, a law enforcement officer may arrest an individual pursuant to an arrest warrant, or an officer may conduct a warrantless arrest. Most arrests in Cullman County are warrantless arrests. (Doc. 136, pp. 235-36; Doc. 143, p. 194). Following a warrantless arrest, a magistrate holds a probable cause proceeding with the arresting officer to determine whether probable cause supports the arrest. (Doc. 136, pp. 269-71).

Using the Cullman County bail schedule, a magistrate sets the initial bail amount in an arrest warrant after finding probable cause for an arrest, and the Cullman County Sheriff, using Cullman County's bail schedule, determines the initial bail amount for a warrantless arrest. A bail request form is a tool that a law enforcement officer in Cullman County may use to ask a judge to set bail in an amount higher than the bail amount provided in the county's bail schedule.[2]

---

[2] As discussed in the order striking the judicial defendants' declarations in support of those defendants' motion to stay, the judicial defendants argue that under the terms of the March 2018 Standing Order, a magistrate may rule on a bail request form, but the evidence in the preliminary injunction record demonstrates that Cullman County district judges and circuit judges, not magistrates, rule on bail request forms. (Doc. 191, p. 2). The Court has not considered the constitutionality of allowing magistrates (who, in Cullman County, are employees of the Clerk's Office who do not hold law degrees, are not members of the bar, and are not state judicial officers (Doc. 136, p. 270)), based solely on an officer's request, to increase bail to an amount that will serve as a *de facto* detention order. Under Cullman County's current practice, when a judge considers a bail request form and decides to increase a defendant's bail, he or she does so at an initial hearing at which the judge has not only the bail request form but other forms that provide information that may inform bail decisions.

3

When the Court issued the preliminary injunction in this case, the evidence in the record established that law enforcement officers in Cullman County use bail request forms infrequently and only in conjunction with warrant arrests. Judge Turner testified that before Cullman County adopted its March 2018 Standing Order, law enforcement officers could request a change in the bond amount for an individual, a "practice" that "is very similar to what" Cullman County "do[es] now as far as a bail request. And that's typically going to be on a warrant type of arrest, not a probable cause warrantless arrest. I can't recall an instance, and I can't speak for other judges in our circuit, where we changed the bond on a probable cause warrantless arrest." (Doc. 143, p. 72; *see also* Doc. 132, Stipulations of Fact, p. 2, ¶ 2 (stating that prior to the filing of this lawsuit. "[i]n a minority of cases, the bail amount would deviate from the schedule based on a request from the arresting agency to change the bail amount.")). Judge Turner testified that he has never received a bail request form in conjunction with a warrantless arrest. (Doc. 136, p. 275).

## II.  DISCUSSION

When the Court issued its order that requires the Cullman County Sheriff to hold for up to 48 hours an arrestee for whom a law enforcement officer has submitted a bail request form, the evidence in the record established that a probable cause finding for that arrestee was made prior to arrest. This is so

because the record established that Cullman County law enforcement officers used bail request forms only in conjunction with warrant arrests, and for all warrant arrests, a magistrate makes a finding of probable cause before approving a warrant.

If, as Judge Nicholas indicated in his declaration, the Cullman County Sheriff, pursuant to paragraph 3 of the preliminary injunction, is detaining for up to 48 hours individuals arrested pursuant to a warrantless arrest which a magistrate has found lacking in probable cause, then one of two things seems to have happened. Either law enforcement officers in Cullman County have changed their practices since the Court issued the preliminary injunction last month, and law enforcement officers now submit bail request forms in conjunction with both warrantless arrests and warrant requests, or Cullman County law enforcement officers always have used bail request forms in conjunction with warrantless arrests, and the evidence that the defendants presented at the preliminary injunction hearing was either wrong or incomplete, a matter that the defendants may address at a hearing concerning Mr. Hester's request for declaratory relief concerning the judicial defendants or his request for a permanent injunction against Sheriff Gentry (*see* Doc. 95, pp. 20-21).

No matter the reason for the inconsistency between the preliminary injunction evidence and the current practices in Cullman County, the Court clarifies that paragraph 3 of the preliminary injunction does not apply to an

individual detained pursuant to a warrantless arrest when a magistrate, in a post-arrest probable cause proceeding, determines that the arresting officer lacked probable cause for the arrest. If a magistrate determines that there is no probable cause for a warrantless arrest, then the sheriff must release the arrestee. (Doc. 136, p. 271). Paragraph 3 of the preliminary injunction order directs the Sheriff's conduct with respect to individuals arrested pursuant to a warrant and individuals subject to a warrantless arrest where the arrest is supported by a magistrate's finding of probable cause.[3]

**DONE** and **ORDERED** this November 1, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[3] "As a general rule, '[t]he filing of a notice of appeal … divests the district court of control over those aspects of the case involved in the appeal.'" *Pacific Insurance Co. v. General Development Corp.*, 28 F.3d 1093, 1097 n. 7 (11th Cir. 1994) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). Rule 62(c) of the Federal Rules of Civil Procedure creates an exception to this general rule, permitting a district court "to suspend, modify, restore or grant an injunction during the pendency of the appeal." Fed. R. Civ. P. 62(c). The Court exercises that power to clarify paragraph 3 of the preliminary injunction.