# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| RAY CHARLES SCHULTZ, *et al.*,<br>    Plaintiffs,<br><br>v.<br><br>STATE OF ALABAMA, *et al.*,<br>    Defendants.<br><br>BRADLEY HESTER,<br>    Intervenor-Plaintiff,<br><br>v.<br><br>MATT GENTRY, *et al.*,<br>    Intervenor-Defendants. | Case No. 5:17-cv-00270-MHH<br><br>(Class Action) |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO JUDICIAL DEFENDANTS' JOINT MOTION FOR A PROTECTIVE ORDER

Defendants Lisa McSwain, Amy Black, Joan White, Judge Kim Chaney, and Judge Wells R. Turner, III (the "Judicial Defendants"), as well as Circuit Court Judge Greg Nicholas[1] (collectively, "Judicial Deponents"), filed a motion with this

---

[1] Judge Nicholas is not a defendant in this action, but has not argued in the Joint Motion for a Protective Order for any differential treatment because of his non-party status. Plaintiff therefore treats him in the same way as the Judicial Defendants in responding to the motion.

1

Court arguing that they have judicial immunity that shields them from depositions regarding "judicial acts."[2] Doc. 207. Judicial Deponents are incorrect.

Judicial Deponents have the burden under Rule 26(c) to demonstrate why there is good cause for this Court to enter an order prohibiting inquiry into their judicial acts. *See* Fed. R. Civ. P. 26(c)(1)(D); *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978).[3] Because judicial actors are not immune from suits for declaratory relief, the Judicial Deponents cannot carry their burden of establishing judicial immunity, and their Motion should be denied.

Numerous courts have held that judicial immunity does not extend to suits for declaratory relief under Section 1983. *See, e.g.*, *Esensoy v. McMillan*, No. 06-12580, 2007 WL 257342, at *1 n.5 (11th Cir. Jan. 31, 2007); *Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018) ("Common law judicial immunity . . . only bars suits seeking damages. It does not preclude a court from granting declaratory or injunctive relief."); *Ward v. City of Norwalk*, 640 F. App'x 462, 467 (6th Cir. 2016) ("[T]he plain language of § 1983 contemplates a declaratory judgment

---

[2] In the introductory paragraph of their Motion, Judicial Deponents allege they are entitled to a protective order "in the alternative, by the judicial deliberative-process and mental-process privileges." Doc. 207 at 1. However, the argument section of the Motion addresses only judicial immunity; accordingly, Hester limits his response to the issue of judicial immunity.

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to September 30, 1981.

against judicial officers . . . in their official capacities."). The Judicial Deponents do not dispute this settled law and, in fact, concede that "they are properly sued for declaratory relief in this matter." Doc. 207 at 8. This should end the inquiry. Indeed, where, as here, "the court has already held . . . that plaintiffs' claims for declaratory relief against the judges . . . are not subject to judicial or quasi-judicial immunity," "plaintiffs are free to pursue relevant and proportional discovery regarding their claims for declaratory relief." *Cain v. City of New Orleans*, No. CV 15-4479, 2016 WL 7156071, at *2 (E.D. La. Dec. 8, 2016); *see also* Doc. 198 at 9.

Moreover, though the Judicial Defendants allege that they have absolute immunity from any discovery related to any judicial act, they have consistently proceeded in this litigation without asserting immunity from various forms of discovery that implicate judicial acts. For example, they provided testimony at the preliminary injunction hearing describing bail procedures, *see* Docs. 136, 143 (testimony of Judge Turner); testimonial responses to admissions and interrogatories related to how bail hearings are conducted, *see* Doc. 207-1; and responses to requests for documents related to judicial acts, *see* Docs. 207-2, 207-3. Yet now Judicial Deponents maintain that they have a "testimonial immunity" that applies to judicial acts. *See* Mot. at 8 (Doc. No. 207). Respectfully, this selective invocation of judicial immunity—which itself is supposed to be "absolute"—belies the propriety of this framework to the issue at hand, and instead

3

lends support to Plaintiff's position that the proper framework for evaluating discovery directed at Judicial Deponents is through the lens of a qualified privilege, not absolute judicial immunity.[4]

The cases the Judicial Deponents rely on are unpersuasive. The Motion primarily relies upon two unpublished decisions from Alabama district courts, *Ray v. Judicial Corr. Servs., Inc.*, No. 2:12-CV-02819, 2014 WL 5090723 (N.D. Ala. Oct. 9, 2014), and *Foster v. City of Alexander City*, No. 3:15-CV-647, 2016 WL 11087011 (M.D. Ala. Dec. 1, 2016). Neither case decides whether judges sued in their official capacity would be immune from suit *solely* for declaratory relief; here, by contrast, this Court has already ruled that no immunity is implicated under Section 1983. *See* Doc. 198 at 9; *Ray*, 2014 WL 5090723, at *5 & n.10 (emphasizing suit seeks damages and injunctive, as well as declaratory relief, and noting that deponent is a retired non-party against whom no cause of action exists); *Foster*, 2016 WL 11087011 at *1 (in action seeking damages and injunctive relief, limiting analysis to whether discovery encompasses judicial or non-judicial acts). Thus, these decisions are inapposite. And they are erroneous to the extent they

---

[4] The relative burdens and three-part analysis for whether a privilege from questions regarding judicial deliberative processes applies to specific lines of inquiry are detailed in *In re Certain Complaints Under Investigation by an Investigating Comm. of Judicial Council of Eleventh Circuit*, 783 F.2d 1488, 1522 (11th Cir. 1986). *See also Cain*, 2016 WL 7156071, at *3–6 (summarizing *In re Certain Complaints* in an analogous context to this action).

suggest an immunity analysis is appropriate where declaratory relief is sought, for neither addressed or acknowledged *In re Certain Complaints*, 783 F.2d 1488 (11th Cir. 1986), which holds that courts should apply a qualified privilege balancing test to determine whether discovery regarding judicial acts from judicial actors is permissible.

Judicial Deponents also cite *United States v. Harvey*, 544 F. Supp. 189 (M.D. Fla. 1982), but *Harvey* supports Plaintiff's position. That matter involved subpoenaing a judge to appear at a criminal hearing to testify as to why he authorized electronic surveillance in that case. *Id.* at 190. The court references a balancing inquiry—not absolute immunity. *See id.* at 191 (noting that in "extreme and extraordinary circumstances" a subpoena like this could be affirmed). It should come as no surprise that courts, utilizing a balancing test like that contemplated in *In re Certain Complaints*, will rarely grant a defendant leave to subpoena a judge who oversaw a prior part of her criminal proceeding to testify in a subsequent proceeding in the same criminal case.

\* \* \*

Plaintiff respectfully submits that the appropriate course of action here is to deny the request for absolute judicial immunity and to allow the depositions to proceed, with the understanding that the denial of absolute immunity does not

foreclose the potential for a subsequent application of a qualified privilege like that articulated in *In re Certain Complaints* and *Cain v. City of New Orleans*.

DATED: February 12, 2019.	Respectfully submitted,

/s/ Samuel Brooke
Samuel Brooke
*On Behalf of Attorneys for Intervenor-Plaintiff*

Samuel Brooke (ASB-1172-L60B)
Micah West (ASB-1842-J82F)
Alexandra Jordan (ASB-4624-X00X)
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
P: (334) 956-8200
F: (334) 956-8481
E: samuel.brooke@splcenter.org
E: micah.west@splcenter.org
E: Alexandra.jordan@splcenter.org

Alec Karakatsanis (DC Bar No. 999294)*
Katherine Hubbard (Cal. Bar No. 302729)*
CIVIL RIGHTS CORPS
910 17th Street NW, Suite 500
Washington, DC 20006
P: (202) 930-3835
E: alec@civilrightscorps.org
E: katherine@civilrightscorps.org

Randall C. Marshall (ASB-3023-A56M)
Brock Boone (ASB-2864-L11E)
ACLU FOUNDATION OF ALABAMA, INC.
P.O. Box 6179
Montgomery, AL 36106-0179
P: (334) 420-1741
E: rmarshall@aclualabama.org
E: bboone@aclualabama.org

Brandon Buskey (ASB-2753-A50B)*
Andrea Woods (Wash. Bar No. 48265)*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
CRIMINAL LAW REFORM PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
P: (212) 549-2654
E: bbuskey@aclu.org
E: awoods@aclu.org

*admitted pro hac vice*

**Attorneys for Intervenor-Plaintiff Hester**